Powell *v.* Rust.

———————————•♦•———————————

SAME TERM.   *Before the same Justices.*

POWELL *vs.* RUST and others.

Where a plaintiff, in his complaint, averred the ownership and possession of a certain piece of land, and alledged an entry thereon by the defendant, with teams and plows, and the plowing up and destroying the shrubbery, vines and trees growing thereon ; and the defendant in his answer alledged that he entered and took the vines, &c. under and by virtue of an agreement made, between the plaintiff and defendant on the sale of the premises by the defendant to the plaintiff, containing certain reservations, &c. *Held*, that under this issue the *title to land* came in question ; and that upon the plaintiff's recovering a judgment for damages, he was entitled to costs.

THIS was an appeal by the defendants from so much of a judgment rendered at a special term as awarded costs to the plaintiff.

*B. Davis Noxon,* for the appellants.

*P. Outwater, jun.* for the respondent.

Powell *v.* Rust.

*By the Court*, GRIDLEY, J. The question involved in this case arises on an appeal from so much of the judgment as awards costs to the plaintiff. The action was trespass; and the recovery was for five dollars, damages, besides costs of suit. And the precise question before the court is, whether *the title to lands arose on the pleadings.*

The complaint avers the *ownership* and *possession* of a certain piece of land described by metes and bounds; and then alledges an entry by the defendants, with teams and plows; and the plowing up and destroying certain *asparagus roots, shrubbery, vines and trees growing thereon.* The defendants in their answer set forth that the defendant Rust conveyed the premises to the plaintiff; but in a separate instrument, made the following reservations: " Agreed, between P. N. Rust and Archibald C. Powell, Feb'y 12th, as follows: Rust has conveyed to Powell 2 $\frac{18}{1000}$ acres of land on farm lot 179.' Rust reserves on the sale as follows: (1.) The use of the land in the rear of the barn for the coming season, &c. (2.) Such strawberry vines, asparagus roots, rose bushes, and raspberry bushes as the said Powell shall not require for his own use on the premises. (3.) Such trees from the nursery on the premises as said Powell shall not require for the use thereof, to be taken away by said Rust as soon as the season will permit; and in case of any question arising in respect to the said trees, the same shall be fully determined by Alfred H. Hovey and Thomas S. Davis; and the parties are to abide their award.

    Feb. 13, 1849.          P. N. RUST.          (L. S.)

                         ARCHIBALD C. POWELL. (L. S.)"

The defendants then aver that they entered (the other defendants through Rust, as his servants,) under and by virtue of said agreement, and took the strawberry vines, asparagus roots, rose bushes and raspberry bushes, by the same authority. And also that they entered and took the trees from the nursery under and by virtue of the said agreement. It is true, that they also say, they *entered* the premises, &c. *under a license and consent of the plaintiff*, and under the provisions of the aforesaid instru-

ment in writing. The reply denies these allegations, but does not deny the execution of the agreement.

The issue then is, whether the trees, bushes, shrubs and roots taken away, were the property of Rust, and *whether he had the right to enter with teams and plows, under the agreement.*

Now whatever grows upon and is annexed to the freehold is real estate, (4 *Kent's Com.* 401, 1 *Denio,* 450,) and the *question* of the *right of property* in those trees and shrubs, which were growing on the plaintiff's land, and which the defendants reserved, is a question of title, under the act. Title embraces the right to the possession; and every thing but the bare naked possession. (*Ehle* v. *Quackenboss,* 6 *Hill,* 537.) By the 304th section of the code costs are given " in an action for the recovery of real property, or where a claim of title to real property arises on the pleadings, or is certified to come in question on the trial." This section must be construed in connection with section 53, which prescribes the jurisdiction of a justice of the peace. It is very clear to me that a justice of the peace has no jurisdiction over this action. It does not help the case that the question arises on the construction of a written instrument, the execution of which is not disputed. If this would give a justice jurisdiction, it would devolve on a justice some of the most subtle and difficult questions on the construction of written instruments. There is no escape from the conclusion that Rust claimed, by virtue of his agreement, *the property in,* and the *right to enter with teams and take away,* certain growing trees and shrubs, on the plaintiff's land. His right to the property of the trees, and to enter with his teams, was denied by the reply. It is true that the defendant also raises an issue on a *consent* and license given by the plaintiff to do the acts charged in the complaint. But that does not prevent the question of title *also* arising on the pleadings.

The judgment of the court below must be affirmed, with costs.