Main *v.* Cooper.

[ALBANY GENERAL TERM, December 7, 1857. *Wright, Gould* and *Harris*, Justices.]

---

## MAIN *vs.* COOPER.

Where an action is brought, before a justice of the peace, by the assignee of the lessor in a lease in fee, against the assignee of the lessee, to recover rent, and the defendant, in his answer, denies all the allegations in the complaint, the title to land necessarily comes in question, and the justice has no jurisdiction to render a judgment.

Where it becomes necessary for the plaintiff to establish his title, in order to recover, the objection may be taken by the defendant, that the title to land comes in question; and it is the duty of the justice, in whatever stage of the trial this shall appear, to dismiss the action.

Main *v.* Cooper.

Although in many cases between landlord and tenant, the latter is estopped from disputing the title of the former, yet where a stranger to the original transaction claims that he has succeeded to the rights of the landlord, it is competent for the tenant to deny his claim, and thus put him to the proof of his title. When this is done, whatever be the amount in controversy, the case is no longer within the jurisdiction of a justice of the peace.

THIS was an appeal from a judgment of the Rensselaer county court, affirming a justice's judgment. The action was brought to recover rent claimed to be due to the plaintiff upon a manor lease. The complaint sets forth a lease in fee from Stephen Van Rensselaer to Lawrence Snyder, bearing date the 21st day of March, 1794, for a lot of land in the town of Poestenkill, and reserving a wheat rent. It then proceeds to state facts showing, that on the first day of July, 1852, all the interest of Stephen Van Rensselaer and his heirs and assigns in the land, and the rents reserved, and the rents which had then accrued and remained unpaid, were conveyed to the plaintiff, and it is alleged that the plaintiff then "*became the owner of the rents then due and in arrear, and also became seised in fee of the said rents* and estate in the said demised premises."

The complaint further states, that the defendant had become the assignee of the interest of the grantee of the said premises in a part thereof, and that after he became such assignee, the rent upon the part of the premises of which he was the assignee, from the year 1842 to the year 1855, inclusive, had become due and was unpaid. For this rent the plaintiff claimed judgment.

The defendant, in his answer, denied each and every allegation in the complaint. Upon the trial, the plaintiff offered proof of his title. The counsel for the defendant objected to the evidence, on the ground that it involved the title to real property. The objection was overruled by the justice, and the evidence received. The defendant also asked that the action be dismissed, on the ground that, by the plaintiff's own showing, the title to real property was in question. The testimony being closed, the justice rendered judgment for the

plaintiff for $100 damages, besides costs. This judgment was affirmed by the county court, upon appeal.

*R. A. Parmenter,* for the plaintiff.

*A. Bingham,* for the defendant.

*By the Court,* HARRIS, J. The single question which this case presents is, whether the justice had jurisdiction to render the judgment. Such jurisdiction is denied, on the ground that the title to real property came in question upon the trial.

There are two modes in which title may come in question upon a trial. The one is, where the issue is such that *the plaintiff* finds it necessary to prove his title, in order to sustain his action. In respect to such a case, it is provided by the 59th section of the code, that "if it appear on the trial, from the plaintiff's own showing, that the title to real property is in question, and such title shall be disputed by the defendant, the justice shall dismiss the action, and render judgment against the plaintiff for costs." The other case is, where *the defendant* proposes to set up title in his defense. For this case, provision is made in the 55th and 56th sections of the code. The 58th section declares that, unless the defendant proceed in the manner prescribed in the preceding sections, the justice shall have jurisdiction of the cause, and the defendant shall be precluded, *in his defense,* from drawing the title in question. It is to be observed, that the defendant is only thus precluded from drawing title in question "in his defense." If it become necessary for the plaintiff to establish his title, in order to recover, the objection may be taken by the defendant, and it is the duty of the justice, in whatever stage of the trial this shall appear, to dismiss the action.

The case in hand was clearly within the 59th section. The rents claimed were real property. The plaintiff alleged that, by virtue of the conveyances set forth in the complaint,

Main *v.* Cooper.

he had become seised in fee of such rents. This was a material allegation, and, being denied, he was bound, before he could recover, to prove it. Thus, "by the plaintiff's own showing," the title to real property was brought in question. In principle, the case is like an action for trespass in cutting timber on wild land. In such a case, there being no possession, it is necessary for the plaintiff to prove his title, before he can recover. And for this reason, a justice cannot try such an action. (*See Hubbell* v. *Rochester*, 8 *Cowen*, 115.)

In many cases between landlord and tenant, the latter is estopped from disputing the title of the former. Where this is the case, no question of title can arise. But all there is of this rule is, that the tenant cannot dispute the title of his landlord while it remains as it was when the tenancy was created. It is always competent for the tenant to show, in any way he can, that the landlord's title has terminated since the commencement of the tenancy. So where, as in this case, a stranger to the original transaction claims that he has succeeded to the rights of the landlord, it is competent for the tenant to deny his claim, and thus put him to the proof of his title. Where this is done, whatever the amount in controversy, the case is no longer within the jurisdiction of a justice of the peace. This was such a case. The judgment, therefore, should be reversed.

[ALBANY GENERAL TERM, December 7, 1857. *Wright, Harris* and *Gould*, Justices.]