Bacon, J.
 

 (Dissenting.) The only question presented by this case is, whether the plaintiff is entitled to costs against the defendants, and that depends upon the question whether a claim of title to real property arises upon the pleadings. The complaint was for injury to the plaintiff by reason of the permanent diversion • of a stream of water from the lands of the plaintiff where it had been accustomed to run, by means of a trench and channel dug by the defendants above the premises. The plaintiff averred that he was “ the owner, and in possession, of the premises, with the appurtenances,” from which the. diversion was made.
 

 The answer consists, first, of a general denial of all the alle- ' gations of the complaint; secondly, a denial of knowledge or information sufficient to form a belief as to the ownership and possession of the plaintiff; thirdly, a denial of any deprivation or diversion of the water, as claimed by the plaintiff; and, fourthly, of an allegation that defendants, at the request of plaintiff, and with the leave, license and permission of the plaintiff, first “ made, given and granted,”, constructed an aqueduct to convey, and by means of which they did convey, the
 
 *471
 
 water, &c., to the village of Howard, “for the purpose of supplying the inhabitants of the said village with water,” which is the unlawful diversion of the water of the stream or watercourse, from the lands of the plaintiff, alleged in the complaint.
 

 The provision of law applicable to this subject is as follows: “ Costs shall be allowed of course to the plaintiff upon a recovery, when a claim of title to real property arises upon the pleadings.” (Code, § 304, sub. 1.) Does such a question arise upon these pleadings? It will be seen that, in the complaint, there is a specific allegation of both ownership and possession of the premises, and that the answer denies every allegation of the complaint. It is quite probable that it would have been sufficient for the plaintiff to have alleged possession alone, and that proof of this would have entitled him to recover, unless the defendants had set up, on their behalf, and proved, a paramount title. But having alleged the ownership, and the defendants having distinctly taken issue upon it, it became incumbent upon the plaintiff to go down to trial prepared to establish his title to the premises. Nor is it any answer to say that the defendant may have been willing to, or in point of fact did, upon the trial, concede the ownership of the plaintiff; because, if the defendants put the title in issue, and compel the plaintiff to prepare to prove it, they cannot relieve themselves from liability to pay costs by admitting the title upon the trial.
 
 (Niles
 
 v.
 
 Lindsley,
 
 1 Duer, 610.) The defendants might have relieved themselves of this liability by admitting the title, and denying the possession; but having taken the distinct issue, I am of opinion that they are estopped from denying that the plaintiff was bound to be prepared to prove his title upon the trial, and the question being thus presented by the pleadings, the plaintiff is, of course, entitled to his costs, whatever may be the amount of the recovery.
 

 But, if mistaken in this conclusion, it seems to me quite clear that, under the fourth defence, the question of title is fairly presented. It sets forth a license to do the thing complained of, made, given and granted by the plaintiff, for the purpose of supplying the village of Howard with water. Now this is
 
 *472
 
 not a mere license to the defendants to do some act upon their own land, which may be attended with some consequential injury to the plaintiff, nor to do some'act upon the land of the plaintiff by virtue of a license revocable at pleasure, but it is the assertion of a claim to a permanent and continuing right to take from the plaintiff a part of his real property and devote it to the purposes of the defendants by a perpetual appropriation. The right which the plaintiff claims is a corporeal hereditament appurtenant to and so connected with the enjoyment of his premises as to constitute an estate in land which can only be created or aliened by deed. The statute, which provides that no estate or interest in lands shall be created, granted or assigned, unless by act or operation of law, or by deed or conveyance,
 
 &o.,
 
 declares that such estate or interest shall embrace “ every estate and interest, freehold and chattel, legal and equitable, present and future, vested and contingent, in lands, tenements and hereditaments.” (2 R. S., 134, § 6; 137, § 6.) The case of
 
 Mumford
 
 v.
 
 Whitney
 
 (15 Wend., 380), appears to establish, very clearly, the proposition that such an interest as is claimed by the defendants here, consisting of a total diversion of the water from the plaintiff’s premises, and that, not for a mere temporary purpose, and to be restored when the object is accomplished for which the diversion takes place is such an interest as can only pass by a conveyance executed with the solemnities required to pass real estate. (See also, to the same effect,
 
 Davis
 
 v. Townsend, 10 Barb., 333.)
 

 When the defendants, in their answer, set up that the license claimed was first made, given and granted by the plaintiff, language is used which conveys the idea of a legal grant with all the requisite formalities to convey an interest in real estate —an interest, not for a fugitive or temporary purpose, but to supply water to the population of a neighboring village for all time to come, and to the utter exclusion of the plaintiff from any right to, or usufruct of, the water thus diverted. A verdict, upon such an answer, in favor of the defendants, would probably have forever established the claim set up by the defendants; and it' was, above all things, necessary for the
 
 *473
 
 plaintiff to come to the trial with proof which should set his title at rest, and overthrow, if he could, a claim, not, like many found in the books, to overflow his land, or slightly or transiently divert his water-course, but to deprive him wholly, and for all time to come, of a valuable part of his inheritance. If title can, by any. form of pleading, be put in issue, it would seem that this answer presents such a case.
 

 I do not ’ think it would be profitable to go through and examine the various cases that are to be found in the books, both upon the former and the present statutés on this subject. It may be conceded that the provision is now essentially the same that it has been since the Bevised Haws of 1813, with only some slight change in the phraseology. The cases are not uniform, nor wholly consistent with each other, and ! find none where the precise question which these pleadings present is passed upon. The nearest approach to an adjudication upon this point is in the case of
 
 Powell
 
 v.
 
 Rust
 
 (8 Barb., 567). The complaint in that case averred ownership and possession of the premises in the plaintiff. The defendant set up, in his answer, an agreement by which he claimed the right to remove certain vines and shrubbery, and averred that he entered by virtue of that agreement, and under the license and consent of the plaintiff for that purpose given. The plaintiff recovered $5 only, and the court allowed costs to the plaintiff upon the express ground that a claim of title to real property arose upon the pleadings. The court, in that case, say that whatever grows upon and is annexed to the freehold is real estate, and the question of the right of property in the shrubs, &c., growing on the plaintiff’s land is a question of title under the act.
 

 The case before us seems to be a much stronger one, and to involve a right of a much higher nature—a right, the possession and permanent retention of which can only Be challenged and maintained by the defendants through a conveyance assuring to them the title and the right; and if, so, the conclusion is irresistible that a claim to real property was presented by the pleadings.
 

 
 *474
 
 My opinion is, that the judgment of the general term should be reversed, and that of the special term affirmed.
 

 Clerke, J., also dissented.
 

 Judgment affirmed.