T. CROSSMAN, Respondent, v. HENRY LANDER, Appellant.

### Appeal from Douglas County.

Costs.—The pleadings show a charge and a denial of wrongful entry upon premises in order to remove a house, a claim and denial that the house was built upon lands to which at that time, the parties were conflicting claimants under the homestead law: *Held*, that these allegations put the question of title directly in issue, and under sec. 531, subdivision 1. of the Code, would give costs to the plaintiff, though he recovered less than fifty dollars by the judgment.

Idem.—If the house was not real property, the defendant should have made such a case in his pleading.

Crossman brought this action to recover damages from Lander, for an alleged trespass, averring that Lander entered upon respondent's premises wrongfully, and removed therefrom a house. The appellant's answer admitting the entry, denies its wrongful character, and claimed property in the house, averring that he built the house upon premises, to which these parties were contesting claimants under the land laws of the United States. The replication denied

a contest, and averred that appellant never was a claimant of those premises.

Upon trial below, the plaintiff had a verdict for $20. The court gave judgment therefor, and for costs and disbursements of $40.70 for plaintiff. Appellant claims that he was entitled to judgment for costs, etc., and that there was error in this respect.

*W. R. Willis*, for appellant.

*Chadwick & Webster*, for respondent.

WILSON, J. The law applicable to this case, and under which each of these parties claim to be right, is found in section 539, subdivision 1, of the Code. "In an action for the recovery of the possession of real property, or where a claim of title or interest in real property, or right to the possession thereof arises upon the pleadings, or is certified by the court to have come in question upon the trial." If a case exhibits either of these conditions, the plaintiff is entitled to costs, and this would carry a recovery of disbursements.

The single issue raised by appellant is, that no claim of title or interest in real property, or right to the possession thereof, arises on the pleadings. The answer admits an entry upon the premises, but denies that the same was wrongful, and the issue of the right to enter upon real estate is clearly made. The answer further avers that the house in question was built upon the land by defendant, at a time when the two parties were conflicting claimants to the same parcel of land under the homestead law.

The reply puts this question of title to the land as conflicting claimants in direct issue, and carrying with that question all matters properly connected with the land. Whatever is annexed to the freehold is real estate, and a controversy concerning any such article involves a question of title under the Code.

Title embraces the right to the possession, and every thing but the mere naked possession, 8 Barb. 569. If the

defendant was not a conflicting claimant of the title to the land, then the claim he made to the house had no pretended existence, and was not even a shadow of one. So far as the pleadings show, the house in question must be supposed a part of the premises, and if defendant sought to make the question turn upon the quality of property, whether personal or real, the answer should have made a case, showing that the building was one which did not belong to the premises as a part thereof. An outgoing tenant by law may remove certain buildings and appurtenances, but to entitle him to a defense when sued in trespass for their removal, he should show his right. Evidently, there is nothing in the pleadings separating the house from the lands, but in reality a distinct setting up of a title to the house, and a right to enter upon another's real estate, and a question, to some extent, of a title to the land itself. Under a like law in New York, the court held that such cases are within the section. (8 Barb. 569; 6 Wend. 539.)

We affirm the judgment below.