## SUPREME COURT.

JULIA POWERS agt. CATHARINE CONROY and SAMUEL CONROY.

*Trespass — non-payment of rent — title to real property — costs.*

Where the issue, in an action of trespass, is made by the plaintiff and the trial is had upon the plaintiff's *right to the possession* of the premises, after his alleged non-payment of rent, the title to real property comes in question on the trial.

And where the referee finds in favor of the plaintiff for twenty-five dollars damages upon disputed evidence as to the payment of rent, the plaintiff is entitled to the *costs* of the action.

*Jefferson Special Term, April* 14, 1874.

MOTION in the nature of an appeal from the action of the clerk of Jefferson county, adjusting costs in favor of the plaintiff, and refusing to allow costs to the defendants.

The plaintiff, on a trial before a referee, recovered twenty-five dollars damages, and both parties presented bills of costs to the clerk for taxation. The clerk taxed costs for the plaintiff.

The plaintiff in her complaint alleged that she, as tenant of the defendant Catharine Conroy, was in possession of certain rooms in a building belonging to her, and that she wrongfully broke and entered into said rooms, and carried out the plaintiff's furniture, and damaged the same, etc.

The defendants denied the allegations of the plaintiff, and set up the terms of the verbal lease, which was from week to week; alleged that the plaintiff refused to pay rent, that the defendant removed some of plaintiff's things, in no manner injuring them, etc., which were the same trespasses, wrongs and injuries set forth in the complaint.

Powers agt. Conroy.

The referee finds the agreement as to rent, that the plaintiff was to pay one dollar per week, every Saturday night; "That May 2, 1871, the rent was fully paid up to the Saturday night previous to the alleged trespass. That on the next Tuesday, about May 2, 1871, the defendant Catharine requested the plaintiff to leave the premises and surrender possession. That no rent was due till the Saturday night next ensuing. * * * That thereupon, and on Tuesday, and Wednesday, May the third, the defendant unlawfully, and with a strong hand, entered said rooms and took therefrom portions of plaintiff's furniture, etc., and carried them down stairs to her wood shed, and attempted to take forcible possession of the said premises without due process of law, contrary to plaintiff's wishes and her rights, and that the defendant unlawfully and wrongfully interfered with plaintiff's enjoyment of the premises."

The referee certified "that it was a disputed and litigated question at the trial as to whether the plaintiff was or not a tenant or trespasser upon the premises; that it was disputed as to whether the rent was paid up till the Saturday following the Tuesday when the cause of action arose."

The referee assessed plaintiff's damages at twenty-five dollars, and directed judgment for that amount.

The defendants now move to have the costs of plaintiff stricken from the judgment, and for an order that costs be taxed in their favor.

*Wynn & Porter*, for the motion.

*D. O'Brien*, for plaintiff, opposed.

HARDIN, *J.*—To enable the plaintiff to recover it was only necessary to allege and prove:

1. The actual possession of the premises.
2. Wrongful entry by the defendants.
3. The damages.

A general denial of these allegations, and evidence confined to them, would not have presented upon the pleadings or upon the trial the title to real property, nor "a claim of title" (7 *Wend.*, 495; 15 *Abb.*, 449).

But the defendant alleged a right to interfere with the plaintiff's possession. The referee certifies "it was a disputed and litigated question as to whether the plaintiff was or not a tenant or trespasser upon the premises;" and he also certifies "it was disputed as to whether the rent was paid up till the Saturday following the Tuesday when the cause of. action arose."

It thus appears that the trial was not upon the question of actual possession of the plaintiff of the premises, *but the plaintiff's right to the possession* was challenged and disputed or brought in question upon the trial, and that question was determined by the referee in favor of the plaintiff.

· The issue made by the plaintiff in respect to plaintiff's right of possession brought "a claim of title to real property in question at the trial" (*Code*, § 304).

In *Ehle* agt. *Quackenbuss* (6 *Hill*, 538), BEARDSLY, J., clearly points out the distinction between an issue as to *actual* possession and an issue as *to the right of possession*, and declares that the issue as to *the right of possession* involves a question as to a claim of title to real property.

The same principle has been asserted in numerous other cases, and controls the question presented here (*Rathbone* agt. *McConnell*, 20 *Barb.*, 311; *S. C. affirmed*, 21 *N. Y.*, 466; *Powell* agt. *Reese*, 8 *Barb.*, 567; *Brownell* agt. *Kelly*, 10 *How.*, 406 *and* 414; *Muller* agt. *Beyard*, 15 *Abb.*, 449; *Main* agt. *Cooper*, 26 *Barb.*, 468; 25 *How.*, 289; *Craven* agt. *Price*, 53 *Barb.*, 443).

The. plaintiff is entitled to the costs of the action, and the motion is, therefore, denied.

Ordered accordingly. .