Ingalls, J.
Independent of the allegation in the complaint, “that the title of the plaintiffs in and to said land is involved in the action,” it is clearly shown that such title constituted the paramount subject of investigation, and that the plaintiffs instituted the action to establish their right to the exclusive possession of the land, and not to recover compensation for a comparatively trifling trespass; and this involved necessarily a question as to the title, and consequently the subject-matter of the action was the land (Powers v. Conroy, 47 How. Pr. 84; Ehle v. Quackenboss, 6 Hill, 537). The cases referred to recognize a broad distinction, in this respect, between an action of trespass to recover damages based upon actual possession and an action which involves the right to the possession of land. In the latter case a question of title is involved, but not in the former, as title is presumed.
Section 309 of the Code provides that the court may make a further allowance to any party, not exceeding *325 five per cent, upon the amount of the recovery or claim, or subject-matter involved.
Concluding that the subject-matter1 involved was the title to the land, and its value being shown to be two thousand dollars, that furnishes the basis for a calculation in determining the amount of the allowance, and, considering the nature of the action and the investigation and preparation necessary for such a trial, I think one hundred dollars not an unreasonable sum in addition to taxable costs (see also S. & W. R. R. Co. v. McCoy, 9 How. Pr. 340).