[No. 14807.   Department One. — September 23, 1892.]

JOHN ABRAM, Appellant, v. WILLIAM STUART
ET AL., Respondents.

Costs — Injunction Suit — Discretion. — In an action for an injunction, where it appears that the issues for the determination of which the costs were chiefly incurred were decided against the plaintiff, the action of the trial court in granting a judgment in favor of the defendants for their costs is not an abuse of its discretion, although the injunction is granted in favor of the plaintiff.

Id. — Costs in Equity. — Costs in an equity case may be allowed, or not, and if allowed, may be apportioned between the parties on the same or adverse sides, in the discretion of the court.

Appeal from a judgment of the Superior Court of Placer County.

The facts are stated in the opinion.

F. P. Tuttle, for Appellant.

While it is true, as a general principle, that the matter of costs in equity proceedings is a matter of discretion, yet it is equally true that it must be a discretion tempered by reason and judgment. (Clavey v. Lord, 87 Cal. 419.) And it is error, in an action such as this, to decree costs against the plaintiff when he prevails in part. (High on Injunctions, sec. 1678.)

John M. Fulweiler, Ben P. Tabor, and Jo Hamilton, for Respondents.

It was within the power and discretion of the court to allow and apportion the costs as to the judicial discretion appeared just. (Code Civ. Proc., sec. 1025; Pomeroy's Eq. Jur., sec. 1328, p. 355, note 2; Kittridge v. Race, 92 U. S. 116.) Even when the plaintiff in the court below is the prevailing party, it is within the discretion of the court below to award costs against him, and such award will not be disturbed, unless there has been an abuse of discretion. (Turner v. Johnson, 95 Mo. 431; 6 Am. St. Rep. 62; see Gray v. Dougherty, 25 Cal. 266.)

BELCHER, C. — On the 14th of July, 1890, the defendant Kaslowsky, to secure payment of the sum of $504.21, executed to the plaintiff a mortgage upon a certain mining claim and water-ditch, which he had owned for many years, known as the Stony Bar claim and Stony Bar ditch.

On the 23d of May, 1890, Kaslowsky and one Graydon located another mining claim, known as the Red Hill claim, which seems to have adjoined the Stony Bar claim, and across which the Stony Bar ditch extended.

In June, 1890, Graydon, and the defendants Stuart and Kaslowsky, began to work the Red Hill claim by the hydraulic process, dumping the *débris* and tailings upon the Stony Bar claim, and during that month they washed away seventy-nine feet of the Stony Bar ditch.

Work was then suspended until December, 1890, when the defendants, some of whom had purchased Graydon's interest, began again to mine and wash away the Red Hill claim, dumping the tailings as before, and they continued such work up to the time this action was commenced, on January 9, 1891. After resuming work on the mine, as aforesaid, defendants washed away eighty-seven feet more of the Stony Bar ditch.

In his complaint, the plaintiff alleged that Kaslowsky executed to him the mortgage as before stated, and that on or about December 1, 1890, the defendants "entered upon said property, and ever since said date have been and now are engaged in mining on a portion of the same by forcing water through pipes and a nozzle, under pressure, and thereby disintegrating, washing away, and removing the earth, rock, and gravel, and causing the same to pass through cuts and sluices where gold is retained; . . . . that by reason of said working, the value of said mining property is being constantly diminished, and the security of plaintiff thereby impaired"; also, that by reason of said working, defendants have washed away a portion of said Stony Bar ditch, and destroyed the *situs* of the same, and they threaten to continue their working and totally destroy said ditch, and that by

the destruction of the ditch the security of plaintiff will be rendered valueless; that the work carried on as aforesaid by defendants has caused and is causing the earth, rock, and gravel to be deposited on a portion of the claim; and that the said mining claim is of the value of $250, and the said ditch is of the value of $250.

Wherefore, plaintiff prays that a temporary injunction be issued restraining the defendants from committing the acts complained of, and that on the final hearing the injunction be made perpetual.

The defendant Kaslowsky failed to answer, and his default was entered. The other defendants answered, and the principal issues raised were as to whether or not the plaintiff's mortgage covered the Red Hill claim and as to whether or not the Stony Bar claim and ditch were of any value as a mortgage security.

After trial, the court found, among other things, that no part of the Red Hill claim was covered by the said mortgage; that at the date of the execution of the mortgage, "the Stony Bar mining claim, described in said mortgage, was wholly valueless as a security, and entirely worked out, and that no depreciation in the value thereof has been, or will in the future be, caused by the working of the said Red Hill placer-mining claim by the defendants, or by the dumping of the tailings from such working upon the said Stony Bar mining claim; and that such deposit of *débris* and tailings by the defendants will in no wise impair the value of the security held by plaintiff by reason of said mortgage"; that the Stony Bar ditch was valuable, "and the destruction of the same would render it valueless and impair the security of the mortgage of plaintiff"; and as conclusions of law, that plaintiff was entitled to an injunction restraining the further destruction of the said ditch; that plaintiff was entitled to a judgment against defendant Kaslowsky for his costs of suit; and that the other defendants were entitled to a judgment against the plaintiff for their costs of suit.

Judgment was accordingly so entered, and from that

part of it which awards costs to the defendants, plaintiff appeals.

The contention in support of the appeal is, that it appears from the facts found that "the trial court erred and committed an abuse of discretion in adjudging that appellant should pay the costs incurred in the action by the defendants named." And it is said: "While it is true, as a general principle, that the matter of costs in equity proceedings is a matter of discretion, yet it is equally true that it must be a discretion tempered by reason and judgment."

In the opinion of the trial court, which the appellant has brought up in the transcript, it is said: "The principal question as to which evidence was offered relates to the value of the Stony Bar claim, — the defendants alleging that it is worked out and wholly valueless, and the plaintiff contending that it possesses a value ranging from two hundred to one thousand dollars. In the view which I take of the matter, this becomes a very important inquiry. Upon this point the evidence is overwhelmingly in favor of the defendants." And further on: "As we have already seen, the court must hold that the part of the Stony Bar claim in question must be held to have no value, — that is, it is not worth one cent." And again: "As almost the whole evidence was directed mainly to the question of the value of the Stony Bar claim and the ownership of the Red Hill claim, I deem it just that the defendants (other than Kaslowsky) recover their costs from the plaintiff."

It thus appears that the grounds upon which the decision as to costs was based were, that the issues for the determination of which the costs were chiefly incurred were decided against the appellant.

Under such circumstances, can it be said that the action of the court was an abuse of its discretion? We think not.

The code provides that in actions like this "costs may be allowed, or not, and if allowed, may be apportioned between the parties on the same or adverse sides, in the

discretion of the court." (Code Civ. Proc., sec. 1025.) And in *Gray* v. *Dougherty*, 25 Cal. 282, it is said, quoting from a decision of the court of appeals in New York: "Costs, in equity, are always in the discretion of the court, and whether they are granted or withheld, they are but as incidents to and no part of the relief sought. A party getting the relief asked may be compelled to pay costs."

We advise, therefore, that the judgment appealed from be affirmed.

VANCLIEF, C., and TEMPLE, C., concurred.

For the reasons given in the foregoing opinion, the judgment appealed from is affirmed.

PATERSON, J., GAROUTTE, J., DE HAVEN, J.