BOWEN v. HOLDREDGE.

(Supreme Court, Appellate Division, Fourth Department. November 17, 1909.)

1. Costs (§ 73*)—Question of Title to Real Property—Necessity of Certificate.

Where a complaint in trespass for the destruction of fence posts on an alley alleges that plaintiff is the owner and entitled to exclusive possession of the premises, and the answer denies his ownership and all other allegations, a claim of title to land arises, so as to entitle him to costs of course, under Code Civ. Proc. § 3228, on recovering judgment, whether a claim of title is certified to have come in question on the trial or not; and the issue of title is decided in his favor by a finding that he has the whole title to the land, subject to a private right of way by defendant over it.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 309; Dec. Dig. § 73.*]

2. Costs (§ 17*)—Question of Title to Real Property.

Title to land came in question on the trial, so as to entitle plaintiff to costs of course, under Code Civ. Proc. § 3228, on recovering judgment for

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

trespass and the destruction of fence posts set on an alley, where he claimed ownership and exclusive possession of the land where he set the posts, and defendant claimed that the alley was a public way and that he had a private right of way over it; and the issue of title was determined by a finding that the alley was not a public way, and that plaintiff had the whole title thereto, subject to a private right of way by defendant over it.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 37–46; Dec. Dig. § 17.*]

3. COSTS (§ 237*)—ON APPEAL—REVERSAL IN PART.

Where, on appeal from a judgment and an order amending it as to costs, the original judgment is affirmed, and the order reversed, no costs will be allowed to either party.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 906, 929; Dec. Dig. § 237.*]

Appeal from Judgment on Report of Referee.

Action by Abiel Bowen against William O. Holdredge. From a judgment entered on a referee's report, and from a judgment as amended, and from an order vacating the referee's certificate that title to real property came in question on the trial, directing new taxation of costs, and amending the judgment as to costs, plaintiff appeals. Original judgment affirmed, and order reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Ramsdale & Church, for appellant.

Ryan & Skinner, for respondent.

WILLIAMS, J.   The original judgment should be affirmed, and the order vacating the certificate by the referee and amending the judgment, and directing new taxation of costs and the amended judgment, should be reversed, without costs to either party against the other.

The action was brought to recover damages for trespass upon real property, and cutting down and removing posts for a fence the plaintiff proposed to erect. The defendant admitted the cutting and removal of the posts, but denied the entry on the land was a trespass, and denied plaintiff was the owner of the land. He claimed he had a right to use the land, that the posts obstructed such use, and he had a legal right to remove them. The referee decided that the defendant had a right of way from his property through the line of posts into an alley, for the purpose of ingress and egress, but the plaintiff had a right to set the posts, and build a fence thereon, with suitable gates or bars therein, through which such ingress and egress could be had, that the defendant had no right to cut down or remove the posts, that it was a trespass to do so, and the plaintiff was entitled to recover damages therefor, which he fixed at $3. He ordered judgment against the defendant for this amount, with costs.

First. The appellant claims the referee erred upon the merits, and that the judgment should be reversed for that reason. We think, however, that the conclusion arrived at, as to the rights and interests of

the parties in the real property was about right, and should not be interfered with.

Second. As to the question of costs, there seems to be no doubt that the claim of title to real property arose upon the pleadings. The amended complaint alleged that the plaintiff was the owner and possessor, and entitled to the exclusive possession of the property upon which the alleged trespass, and destruction of the posts was committed. The answer to this amended complaint denied the trespass, and added, "And denies that the lands on which the said fence posts were set * * * belonged to plaintiff," and followed this up with a general denial of all other allegations. Other defenses were set up; but, under the denials above referred to, the plaintiff could not get on at all in the case, unless he proved his title, and the defendant had a right to give any proof he could to show the the plaintiff had no title. Title would have to be found in plaintiff, or he could not recover for the destruction of the posts. It needs no argument to show that a claim of title to the real property arose upon the pleadings.

This being so, the plaintiff was entitled to costs, whether there was any certificate by the referee that a claim of title came in question upon the trial, or not, a final judgment having been rendered in his favor. Section 3228, Code Civ. Proc., provides:

"The plaintiff is entitled to costs of course, upon the rendering a final judgment in his favor, in either of the following actions: (1) An action triable before a jury to recover real property, or an interest in real property, or in which a claim of title to real property arises upon the pleadings or is certified to have come in question upon the trial."

It cannot be urged properly that this issue of title was found for defendant and against the plaintiff. It was not so found. The referee found the plaintiff was the owner, had possession and the right of possession, but it was subject to the defendant's easement right to pass over the land from his own premises to and from the alley.

Third. The certificate was, it seems to me, properly made by the referee. The plaintiff claimed on the trial the ownership and exclusive right to the possession of the property where he set the posts. The defendant claimed that the alley was a public way, and that the defendant had a private right of way over the alley. These respective claims brought the question of title in issue, and the nature of the title and rights of the parties was considered and determined by the referee. He decided the alley was not a public way, and that the plaintiff had the whole title to the property, save only an easement, a private right of way by defendant over the same. It is not true that all of the issues as to title were decided in defendant's favor. They were not. The answer was too broad, and the course of the trial too general, to permit the claim that the only issue was as to the wrongful cutting of the posts. The court in Special Term fell into error in stating what the answer was, and defendant's counsel in his points in this court stops short of stating what the answer contained. The trial followed the pleadings, which put the title in issue, and litigated the issues formed by the pleadings, and all these issues were determined in plaintiff's favor, save only the defendant's easement, a private right of way over the property.

Fourth. The views herein expressed are not elaborated. The referee and the court at Special Term have both written opinions, have expressed their respective views quite fully, and we concur in the views expressed by the referee, rather than those by the court. We are led to hold that the plaintiff was entitled to costs, the certificate should not have been vacated, and the judgment should not have been amended, and the clerk directed to retax costs for the defendant and insert them in the judgment.

No costs should be allowed here, as neither party has fully succeeded upon this appeal. All concur.