[L. A. No. 3006.     Department Two.—February 11, 1913.]

## R. E. COFFMAN, Appellant, v. L. W. BUSHARD, Respondent.

RESCISSION OF EXCHANGE OF LAND—JUDGMENT FOR RESTORATION OF PROPERTY—APPEAL BY PLAINTIFF FROM OTHER PORTIONS OF JUDGMENT—ACCEPTANCE OF DEED PENDING APPEAL.—Where a judgment was rendered in an action for the rescission of an exchange of land on the ground of fraud and deceit, directing a restoration to each of the parties of the property formerly owned by him, and also decreeing the payment by the plaintiff to the defendant of a certain sum of money laid out by the defendant upon the land received by him on the exchange, and authorizing the defendant to retain the amount of the income derived by him therefrom, and refusing to allow the plaintiff costs, the plaintiff, by accepting a deed to the property ordered to be restored to him, pending an appeal by him from those portions of the judgment that were against him, did not lose his right to further prosecute the appeal.

ID.—LIABILITY OF DEFENDANT FOR RENTS—REIMBURSEMENT FOR OUTLAYS.—Where the court found that the plaintiff was defrauded in the exchange, the judgment for the restitution of the property should also require the defendant to account to the plaintiff for the rents of the property received by him on the exchange, after reimbursement for his outlay thereon.

ID.—ARBITRARY FIXING AMOUNT OF OUTLAY.—Where the judgment decreed that the plaintiff should pay the defendant the amounts expended by him on account of the property received on the exchange, "provided said amounts are determined by agreement of the said parties or proofs to be presented to this court, within ten days," it was error for the court, in the absence of such agreement or

proofs, to arbitrarily fix the amount so expended, and to enter judgment against the plaintiff for such amount.

ID.—COSTS—PLAINTIFF ENTITLED TO AS MATTER OF RIGHT.—Notwithstanding such action was in equity, its purpose was the recovery of real property, and it involved the title of real estate. In such action the plaintiff, upon a judgment in his favor, was entitled to his costs as a matter of right, under subdivisions 1 and 5 of section 1022 of the Code of Civil Procedure.

APPEAL from portions of a judgment of the Superior Court of Orange County. Z. B. West, Judge.

The facts are stated in the opinion of the court.

F. C. Spencer, for Appellant.

H. V. Weisel, and Roger C. Dutton, for Respondent.

HENSHAW, J.—Plaintiff and defendant had by deeds effected an exchange of properties, plaintiff conveying to defendant a house and lot at Riverside, California, in exchange for a house and lot at Goldfield, Nevada, owned by defendant. This action was brought to rescind the sale upon the ground of fraud and deceit. The court found in accordance with the allegations of the complaint and decreed a rescission of the contract and a restoration to each of the parties of the property formerly owned by him. One of the frauds and misrepresentations was to the effect that the Goldfield property was rented for forty-two dollars a month. The court found that it was not rented, was not in a condition to be rented, that plaintiff had received no income of any kind from it, and had paid the taxes thereon, the amount so paid not being declared. It found that defendant had received three hundred and fifty-two dollars rents from the Riverside property. It further found that defendant had made outlays on account of the Riverside property for repairs, taxes, and interest upon a mortgage. It decreed, as has been said, a restoration to each of the parties of the property formerly owned by him; decreed payment by plaintiff to defendant of two hundred and twenty-five dollars laid out by defendant upon the Riverside property, and authorized the defendant to retain three hundred and fifty-two dollars,

the amount of the income derived by him from the Riverside property. And finally, it struck out plaintiff's cost-bill, refusing to allow him costs.

From these three several portions of the judgment plaintiff appeals. His appeal is met by a motion to dismiss. The facts upon which this motion is based are that, in accordance with the decree, defendant tendered the deed to the Riverside property, which plaintiff accepted, and plaintiff, in turn, made a like tender of his deed of the Nevada property. Upon this respondent insists that plaintiff has accepted the benefits of the judgment and, upon familiar principles, has waived his right to complain of it and so to appeal from it. (*San Bernardino Co.* v. *Riverside Co.,* 135 Cal. 618, [67 Pac. 1047].) But plaintiff has appealed only from certain portions of the judgment. Defendant has taken no appeal. There is thus no controversy whatsoever over the decree ordering a re-exchange and transfer of the properties. In accepting this portion of the judgment plaintiff takes only that which indisputably he is entitled to receive. His appeal is from minor portions of the judgment, in no way depending upon the transfer of the property decreed by the court. He insists that in certain minor particulars the decree does not do equity. His acceptance of his property under the indicated circumstances, the taking of that which indisputably is his, does not estop him from prosecuting his appeal and asserting his rights to other allowances which the court refused to grant. (*Hinchman* v. *Point Defiance Ry. Co.,* 14 Wash. 349, [44 Pac. 869] ; *San Bernardino Co.* v. *Riverside Co.,* 135 Cal. 618, [67 Pac. 1047] ; *Walnut Irrigation Dist.* v. *Burke,* 158 Cal. 165, [110 Pac. 517] ; 2 Cyc. 653.) The motion to dismiss is therefore denied.

1. The findings disclose that plaintiff was defrauded, that he received no income from the Goldfield property, which was unrented and unrentable, and was obliged to expend some money in perfecting the title and in the payment of taxes. As against this, the decree permits the defendant actually to profit by his own fraud. He is reimbursed for all his outlay upon the Riverside property, and is allowed to retain three hundred and fifty-two dollars, the income derived from it. This is clearly inequitable. When defendant is reimbursed for his outlay, he has received all that in good

conscience he is entitled to receive. The decree should be modified in this respect, and defendant should be compelled to account for and pay over to plaintiff the three hundred and fifty-two dollars, rents of plaintiff's property.

2. The judgment decreed that plaintiff should pay the defendant "the amount expended by defendant for repairs of said real property at Riverside, California, and for interest on the mortgage on said property, provided said amounts are determined by agreement of the said parties or proofs to be presented to this court, within ten days from date hereof." The bill of exceptions shows that no agreement as to the amount so expended was entered into by the parties, and that no proof of the amount was presented to the court. Notwithstanding this, the court, upon motion of defendant's attorney, arbitrarily fixed the amount expended by defendant upon the Riverside property in the sum of two hundred and twenty-five dollars. It is insisted, and we think correctly, that an allowance so made without proof was in violation of the express terms of the judgment. The appeal upon this proposition is, therefore, well taken, and it is ordered that this item of two hundred and twenty-five dollars be stricken from the judgment, and that the trial court be directed to fix the amount, after the taking of evidence upon the question.

3. The court refused plaintiff his costs, evidently under the belief that the action was one embraced in the provisions of section 1025 of the Code of Civil Procedure. (*Gray* v. *Dougherty,* 25 Cal. 266; *Abram* v. *Stuart,* 96 Cal. 235, [31 Pac. 44]; *Bathgate* v. *Irvine,* 126 Cal. 135, [77 Am. St. Rep. 158, 58 Pac. 442].) While the action was based upon fraud and deceit, its real and declared purpose was the recovery of real property out of which plaintiff alleged he had been defrauded. That the action involved the title of real estate may not for a moment be doubted. The case, then, notwithstanding that it was an action in equity, comes clearly within the purview of section 1022 of the Code of Civil Procedure, and plaintiff was entitled to his costs as matter of right. (Code Civ. Proc., sec. 1022, subds. 1 and 5; *Hart* v. *Carnall-Hopkins Co.,* 103 Cal. 142, [37 Pac. 196]; *Murphy* v. *Crowley,* 140 Cal. 141, [73 Pac. 820]; *Gibson* v. *Hammang,* 145 Cal. 454, [78 Pac. 953].)

It is therefore ordered that upon the findings made by the court it correct its decree in the indicated particulars.

Melvin, J., and Lorigan, J., concurred.