[No. 2219]

·ALPHONS GLOCK, APPELLANT, *v.* FRITZ ·ELGES, RESPONDENT.

[159 Pac. 629]

1. APPEAL AND ERROR—STATEMENT—TIME FOR FILING—WAIVER OF DEFECTS IN NOTICE.

Under Rev. Laws, 5331, requiring a proposed statement to be served and filed within thirty days after written notice of the judgment or order appealed from, any defect in such notice · is waived by serving and filing a notice of appeal.

2. APPEAL AND ERROR—STATEMENT—TIME FOR FILING—FAILURE TO FILE—EFFECT.

A failure to serve and file a statement within the time prescribed by Rev. Laws, 5331, does not defeat the appeal, where it was duly perfected under section 5330, by filing a notice of appeal and undertaking or waiver thereof.

3. APPEAL AND ERROR—STATEMENT—TIME FOR FILING—FAILURE TO FILE—EFFECT.

A statement, not served and filed within the time prescribed by Rev. Laws, 5331, cannot be considered on appeal.

4. FORCIBLE ENTRY AND DETAINER — CIVIL LIABILITY — PERSONS ENTITLED TO SUE.

In an action to recover damages for forcible entry, plaintiff must prove his title or right to possession of the property where the pleadings raise that issue.

5. APPEAL AND ERROR — NECESSITY OF STATEMENT — APPEAL FROM ORDER.

Upon appeal from an order' denying costs, the pleadings cannot be considered unless embodied in a statement attached to the order.

6. JUDGMENT—JUDGMENT ROLL—MATTERS INCLUDED.

A judgment roll includes the pleadings and judgment.

7. FORCIBLE ENTRY AND DETAINER—COSTS—STATUTE.

Rev. Laws, 5377, allowing plaintiff costs upon a favorable judgment in an action involving the title or possession of real estate, applies to recovery of damages for forcible entry, where plaintiff's title or right of possession was disputed.

8. COSTS—ITEMS—CLERK'S FEES—STRIKING COST BILL.

Under Rev. Laws, 5387. requiring the clerk to tax his fees, such fees should be taxed in favor of a prevailing plaintiff, although the bill of costs was properly stricken.

9. FORCIBLE ENTRY AND DETAINER—DAMAGES—STATUTE—"MAY."

Rev. Laws, 5508, providing that in forcible entry cases, judgment "may" be entered for treble the actual damages, permits, but does not require, such penalty to be imposed.

10. FORCIBLE ENTRY AND DETAINER—APPEAL—DETERMINATION OF
    CAUSE—MODIFICATION—INCREASING RECOVERY.
        The supreme court will not modify a judgment to allow
    treble damages in a forcible entry case, under Rev. Laws, 5508,
    where the facts are not before it.

11. APPEAL AND ERROR—RIGHT OF REVIEW—SATISFACTION IN PART.
        Plaintiff does not waive his right of appeal from that portion
    of a judgment denying him costs by accepting payment for the
    damage and interest items, and satisfying the judgment to that
    extent.

APPEAL from First Judicial District Court, Douglas
County; *Frank P. Langan*, Judge.

Action by Alphons Glock against Fritz Elges. Judg-
ment for plaintiff, and he appeals from that portion deny-
ing him costs, and from those parts of an order which
directed entry of judgment upon the verdict without
costs and struck out his cost bill. **Affirmed as modified.**

*George Springmeyer*, for Appellant:

The judgment should be reversed, with directions that
the trial court enter judgment for appellant for treble
damages, and for costs for appellant as taxed in the cost
bill. The appeal was taken in due time. The statutory
provisions in regard to appeal are plain and conclusive.
(Rev. Laws, 5330; Hayne, New Trial and Appeal, sec. 206;
*San Francisco Co. v. California*, 141 Cal. 354, 74 Pac. 1047;
*Estate of Davis*, 151 Cal. 318, 86 Pac. 183; *Arthur v. Mounce*,
4 Idaho, 487, 42 Pac. 509; *Threlkeld v. O'Neal*, 26 Mont. 209,
66 Pac. 940.)

No notice of the decision was served upon the attorney
for the plaintiff. The mailing of a certified copy by the
clerk was not sufficient. (Rule VII, District Court; Rev.
Laws, 5367, 5369.)

Where notice of the judgment is required, the time for
appeal begins to run only from the service of notice as
the same is established of record. (*Foss v. Johnstone*, 158
Cal. 119, 110 Pac. 294; *Otis Bros. & Co. v. Nash*, 26 Wash.
39, 66 Pac. 11; *Impr. Co. v. Land Co.*, 132 Pac. 760; *Roush v.
Van Hagen*, 17 Cal. 122; *Dooling v. Moore*, 20 Cal. 142;
*Gimmy v. Doone*, 22 Cal. 635; *Gray v. Palmer*, 28 Cal. 416;
*Peck v. Curtis*, 31 Cal. 207; *Genella v. Ralyea*, 32 Cal. 159;

*Bay* v. *Van Rensselaer*, 1 Paige, 423; *Jackson* v. *Wiseburn*, 5 Wend. 136; *Wait* v. *Van Allen*, 22 N. Y. 319; *McClung* v. *McClung*, 39 Mich. 55; *Richardson* v. *Yawkey*, 9 Mich. 139; *Fairchild* v. *Edson*, 144 N. Y. 615; *Rohr* v. *Lynch*, 137 N. Y. Supp. 752; *Cowie* v. *Harker*, 143 N. W. 895.)

Even if the statement on appeal was not filed in time, there is still the judgment roll for appellant to rely upon. The judgment roll contains everything which it is necessary for the court to consider on this appeal. (Rev. Laws, 5331, 5338.)

The right of appeal from the objectionable part of the judgment is not lost because of the satisfaction of the judgment as rendered. So far as it goes, the appellant accepts the judgment, but appeals from that part of it denying him additional relief. (*Coffman* v. *Bushard*, 130 Cal. 425.)

Costs of suit should be allowed plaintiff as of course, despite the fact that the verdict was for less than $300, the action being one involving the title or possession of real estate. (Rev. Laws, 5377; *Hart* v. *Carnall-Hopkins Co.*, 37 Pac. 196, 199; *Copertini* v. *Oppermann*, 18 Pac. 256, 258; *Gibson* v. *Anderson*, 78 Pac. 953; *Crossman* v. *Lander*, 3 Or. 495; *Powell* v. *Rust*, 8 Barb. 567; *Kelly* v. *New York Co.*, 19 Hun, 363; *Boyle* v. *Lawton*, 3 How. Prac. n. s. 444; *Grosse* v. *City*, 9 S. D. 165, 68 N. W. 310; *Willard* v. *Baker*, 68 Mass. 336; *Burnham* v. *Ross*, 47 Me. 456; *Dunster* v. *Kelly*, 110 N. Y. 558; *McAllister* v. *Brents*, 48 Ky. 483; *Lowers* v. *Leach*, 22 Vt. 226.)

The jury found the actual damages to be $235, and no reason suggests itself why the damages should not be trebled. (Rev. Laws, 5508.) In this regard the court is to determine whether the legislature used the word "may" in a permissive or in a mandatory sense. (36 Cyc. 1160.)

*Alfred Chartz,* for Respondent:

The appeal should be dismissed.

The time within which an appeal must be taken begins to run from the date the court made its decision and ordered judgment to be entered, though the judgment

was not entered until later. A judgment is as final when pronounced by the court as it is when entered and recorded by the clerk as required by the statute, the entry being the ministerial act of the clerk. (*Central Trust Co.* v. *Holmes M. Co.*, 30 Nev. 437; *Elder* v. *Frevert*, 18 Nev. 283; *Twaddle* v. *Winters*, 29 Nev. 96.)

The judgment has been fully satisfied and accepted. (*Wedekind* v. *Bell*, 26 Nev. 410.)

Whether title or possession of real estate is actually involved depends upon the evidence rather than upon the pleadings, so far as the district court is concerned. (*State* v. *Justice Court*, 29 Nev. 191; *Schroeder* v. *Wittram*, 66 Cal. 640.)

The jury's answers to the special questions submitted prove that appellant was not entitled to any punitive or treble damages of any kind or nature, respondent having entered under permission, and having the right to remove said structure without compensation.

By the Court, NORCROSS, C. J.:

From the notice of appeal it appears that this appeal is taken "from that part and portion of the special order made and entered in the above-entitled action on July 29, 1914, after final judgment, and in the words following: 'The clerk of this court is ordered to enter judgment on the general verdict as rendered by the jury in favor of the plaintiff, and against the defendant, for the sum of $236, with interest thereon at the rate of 7 per cent per annum from the 11th day of September, A. D. 1913, but without costs. Defendant's motion to strike plaintiff's cost bill from the files is granted,' and, further, plaintiff hereby appeals * * * from that part of the judgment herein denying plaintiff his costs of the suit."

From the complaint it appears that this was an action to recover damages for an alleged forcible or unlawful entry upon the property of the plaintiff and an alleged malicious and wanton injury thereto. Actual damages are alleged in the sum of $600. The judgment prayed that the damages be trebled, and that the plaintiff be

awarded judgment for $1,800 damages and costs of suit. The answer of defendant denied title in the plaintiff to the real property in controversy, denied the alleged forcible or unlawful entry, and alleged ownership in himself to a certain building taken and removed by defendant from the real property in question. The case came on for trial before a jury which, on the 11th day of December, 1913, returned a verdict for plaintiff for $236 actual damages, and also returned certain special verdicts.

From an opinion and order of the district judge filed in the case upon the 29th day of July, 1914, it appears that the court denied costs in favor of the plaintiff upon the ground that the judgment was for less than $300; that the special verdicts rendered by the jury were not inconsistent with the general verdict; and directed that judgment be entered in favor of plaintiff for the sum of $236 with interest from the date of the verdict, but without costs; that defendant's motion to strike plaintiff's cost bill from the files is granted; and that defendant's motion for judgment and costs be denied. A formal judgment in accordance with the said order of July 29, 1914, was entered by the clerk on the 7th day of August, 1914. Notice of appeal was given, dated August 10, 1914, with an acknowledgment of service on the 11th day of August, 1914, together with a waiver of an undertaking on appeal, which was filed August 12, 1914. The statement on appeal appears, from the record, to have been served on counsel for the defendant February 1, 1915, and to have been settled by the judge on February 21, 1915. Counsel for the respondent has moved to strike the statement because not filed nor served in time. The statute in force at the time the appeal was taken provides:

"When the party who has the right to appeal wishes a statement of the case to be annexed to the record of the judgment or order, he shall, within twenty days after the entry of such judgment or order, if he or his attorney was present at the time of the making or entry thereof, or if the appeal is from a judgment based upon a verdict, and in other cases within twenty days after receiving written

notice of the entry of the judgment or order, prepare a proposed statement, * * * and shall file the same with the clerk and serve a copy thereof upon the adverse party. * * * " (Rev. Laws, 5331.)

It is contended by counsel for the appellant that the statement was filed in time because no notice was served upon him of the order or judgment, as required by law. The certificate of the district judge attached to the record on appeal recites "that counsel for both plaintiff and defendant, by order of the court, were notified by letters sent by the county clerk of Douglas County, Nevada, mailed from Genoa, Nevada, on July 30, 1914, addressed to them at Reno, Nevada, and Carson City, Nevada, respectively; of the decision of the court, said decision having been rendered and filed on July 29, 1914, and that in such letters were included certified copies of said decision."

**1.** It is unnecessary to enter upon a consideration of the question of the legal sufficiency of the notice of order or judgment. Counsel for the plaintiff, by the notice of appeal dated August 10, 1914, and filed August 12, 1914, acknowledged notice of the order and judgment. The filing of a notice of appeal was not only an acknowledgment of the notice, but a waiver of any other or additional notice, even assuming that the same might have otherwise been required.

**2.** The contention of counsel for respondent that the appeal is not properly taken because no statement was filed within time is without merit. An appeal is taken by filing the notice of appeal, and is perfected by the filing of an undertaking or a stipulation waiving such undertaking. (Rev. Laws, 5330.)

**3.** The objection to the statement as not having been filed in time is well taken, and, as a statement, it cannot be considered.

Two questions of law have been presented upon the appeal, and we think they may be determined upon the judgment roll alone: (a) Whether plaintiff was entitled to costs as a matter of right; (b) whether plaintiff was entitled to have judgment for treble the actual damages. Relative to the question of costs, Rev. Laws, 5377, provides:

"Costs shall be allowed of course to the plaintiff [on a verdict] upon a judgment in his favor, in the following cases: *   *   *

"5. In an action which involves the title or possession of real estate."

4. The complaint alleged ownership in the plaintiff of certain real estate upon which was situated a certain building, the destruction or removal of which constituted the main element of damage. The answer denied ownership of the land in the plaintiff. The answer of the defendant raised an issue as to the title or right of possession of plaintiff to the real property. Under the issues made by the pleadings it was incumbent upon the plaintiff, in order to recover any judgment for damages, to establish his title or right of possession to the real property upon which the building in question was situated. (*Gibson* v. *Hammang,* 145 Cal. 454, 78 Pac. 953; *Coffman* v. *Bushard,* 164 Cal. 663, 130 Pac. 425; *Crossman* v. *Lander,* 3 Or. 495; *Powell* v. *Rust,* 8 Barb. N. Y. 567; *Bowen* v. *Holdredge,* 134 App. Div. 855, 119 N. Y. Supp. 199; *Grosso* v. *City of Lead,* 9 S. D. 165, 68 N. W. 310; *Willard* v. *Baker,* 68 Mass., 2 Gray, 336.)

Numerous other cases, supporting the same view, are cited in the brief of appellant.

5. As the appeal is taken in part from the order of July 29, 1914, and another part from the judgment entered on the 7th day of August following, a question arises as to what part of the record on appeal may be considered in determining the appeal from the order, and what part may be considered in determining the appeal from a portion of the final judgment. The order is not a part of the judgment roll. Assuming that an appeal can be taken directly from the order without a statement or bill of exceptions, it would seem that any error in the alleged order must be determined from the motion upon which it is based and the order itself. If this were an appeal from the order of July 29 alone, we are of the opinion that the pleadings could not be considered in connection therewith, unless embodied in a statement to be attached to the order. From the motion of

counsel for defendant of September 15, 1913, and from the order itself it cannot be determined that the order was erroneous; for neither from the motion nor from the order themselves does it appear that the question of the title of the real property was involved in the action, and, if not so involved, the order was not erroneous.

6–8. The appeal from the judgment, however, denying the plaintiff's costs, presents a question of law heretofore discussed, for the reason that the pleadings and judgment are a part of the judgment roll, and from the pleadings it appears that title was involved in the suit. Plaintiff is necessarily entitled to some costs, regardless of whether the court erred in striking the cost bill or not. The plaintiff is entitled to recover the fees of the clerk whether they are embodied in the cost bill or not, and to this extent plaintiff is clearly entitled to recover. (Rev. Laws, 5387.)

9, 10. We think it cannot be said that there is any error in the judgment because of failure to treble the actual damages allowed by the verdict of the jury. The pertinent portion of section 5508 of the Revised Laws reads as follows:

"If a person recover damages for a forcible or unlawful entry in or upon * * * any building or uncultivated real property, judgment may be entered for three times the amount at which the actual damages are assessed."

Penalties are not favored in the law, and we think the use of the word "may" in the statute was intended to permit, but not require, treble damages. Whether treble damages should be approved in any case would depend upon the peculiar facts of the particular case. It is doubtful whether an appellate court would, in any case, be justified in modifying a judgment so as to allow treble damages, where such damages had not been allowed by the trial court. The facts are not before us; and, as the plaintiff is not entitled to treble damages as a matter of right, it is clear that no error appears in this regard.

11. The contention that the judgment was satisfied by the payment and acceptance of the amount of damages

with interest is without merit.  Satisfaction was entered to the extent of amount paid, but without waiving plaintiff's right of appeal in the matter of costs.  (*Coffman* v. *Bushard*, 164 Cal. 663, 130 Pac. 425.)

The order appealed from is affirmed.  The judgment should be modified by allowing the plaintiff the clerk's costs in the court below; and, as so modified, the judgment is affirmed.  Appellant is allowed his costs on appeal.