[L. A. No. 1137.   In Bank.—February 26, 1902.]

## THE COUNTY OF SAN BERNARDINO, Appellant, v. THE COUNTY OF RIVERSIDE, Respondent.

APPEAL—CONDITIONAL ORDER SETTING ASIDE JUDGMENT—ACCEPTANCE OF MONEY—WAIVER—DISMISSAL.—A plaintiff who has accepted money ordered paid by the defendant, as for costs and expenses, as a condition of an order setting aside a judgment by default, is deemed to have consented to the order, and to have waived the right of appeal; and his appeal therefrom and from a subsequent order, which was made upon a proper showing, reciting the fact of such payment, and making the order absolute, must be dismissed.

ID.—GENERAL RULE—ACCEPTANCE OF FRUITS INCONSISTENT WITH APPEAL —ELECTION—LIMITATION OF RULE.—In general, the right to accept

the fruits of a judgment or order, and the right to appeal therefrom, are not concurrent, but wholly inconsistent, and the election of either is a waiver and renunciation of the other. A limitation of this rule exists where a reversal of the judgment or order cannot affect the right of the appellant to the benefit secured, as when the only controversy relates to a greater sum.

Id.—Motion to Dismiss Appeals not Waived.—The right to move to dismiss the appeals is not waived by stipulating to the correctness of the bill of exceptions, or of the transcript on appeal.

MOTION to dismiss appeals from an order of the Superior Court of Los Angeles County directing payment of money as a condition of setting aside a judgment by default, and from an order making the conditional order absolute. M. T. Allen, Judge.

The facts are stated in the opinion of the court.

J. W. Curtis, District Attorney of San Bernardino County, and Otis & Gregg, for Appellant.

Lyman Evans, District Attorney of Riverside County, and Collier & Carnahan, for Respondent.

HARRISON, J.—Motion to dismiss the appeals.

Judgment herein was entered by default against the defendant, March 14, 1901, and on April 5, 1901, the superior court set the default and judgment aside upon the ground that they had been entered through the mistake, inadvertence, surprise, and excusable neglect of the defendant, but ordered, as a condition for setting the same aside, that the defendant pay to the plaintiff two hundred and fifty dollars as for costs and expenses. The defendant complied with this condition, and paid the said sum of money to the plaintiff, and upon a proper showing thereof the court made an order, April 25th, reciting this fact, and ordering that the said default and judgment be set aside. June 3, 1901, the plaintiff appealed from each of these orders. The defendant has moved to dismiss the appeals upon the ground that by receiving the money from the defendant the plaintiff has acquiesced in the order, and thereby waived its right to appeal therefrom.

The order of April 5th, being conditional upon the payment by the defendant of the sum of money therein named, was

merely provisional, and was superseded by the subsequent order made after the defendant had complied with this condition. If the plaintiff had been dissatisfied with the first order, it should have appealed therefrom before the defendant accepted the condition and made the payment. Upon such acceptance and payment by the defendant, this conditional order became definitive. The second order merely established of record the fact that the defendant had complied with the condition, and that the previous provisional order had thereby become absolute.

The right to accept the fruits of a judgment or order, and the right to appeal therefrom, are not concurrent, but are wholly inconsistent, and an election of either is a waiver and renunciation of the other. (*Estate of Shaver,* 131 Cal. 219; *Storke* v. *Storke,* 132 Cal. 349.)

The rule and the principle upon which the rule rests are the same whether such judgment be the final determination of the cause or an intermediate order made in the course of the procedure. A party cannot accept the benefit or advantage given him by an order and then seek to have it reviewed. After receiving the money which the court has directed to be paid to him, he will not be heard to say that the court erred in making such order, and if by the order a right or favor is given to the other party as the consideration for making such payment, the party receiving the money will be held to have assented to a granting of the favor or right. Accordingly, it is held that where an order is made upon the condition of payment of costs, an acceptance of such costs is the waiver of the right to appeal from the order. (*Radway* v. *Graham,* 4 Abb. Pr. 468; *Lupton* v. *Jewett,* 19 Abb. Pr. 329; *Marvin* v. *Marvin,* 11 Abb. Pr., N. S., 97; *Platt* v. *City of Cohoes,* 8 Abb. N. C. 392; *Taussig* v. *Hart,* 33 N. Y. Sup. Ct. 157; *Lewis* v. *Wood,* 42 Ala. 502; *Altoona* v. *Delaware Township,* 44 Iowa, 201; *Cogswell* v. *Colby,* 22 Wis. 399; *Smith* v. *Coleman,* 77 Wis. 343; *Cook* v. *McComb,* 98 Wis. 526.)

A limitation to this rule exists where a reversal of the judgment or order cannot affect the right of the party to the benefit which he has secured thereby; as, for example, where there is no controversy as to his right for the amount for which the judgment was given, but he claims that he was entitled to a greater amount. In such a case he is not precluded

from an appeal, even though he has received the amount awarded him. No such condition, however, exists in the present case. The plaintiff had no right to the two hundred and fifty dollars paid it by the defendant, except upon the condition that the default and judgment should be set aside, and by its acceptance of the money is deemed to have assented to the order setting aside the default and judgment.

The respondent did not waive its right to move for a dismissal of the appeals by stipulating to the correctness of the bill of exceptions, or of the transcript on appeal. It has taken no affirmative step in reference to the appeals by which their validity was recognized, and it gave notice of its intention to move for their dismissal with reasonable promptness.

The appeals are dismissed.

Garoutte, J., Van Dyke, J., McFarland, J., Temple, J., and Henshaw, J., concurred.