[L. A. No. 2526.  In Bank.—August 1, 1910.]

WALNUT IRRIGATION DISTRICT, Respondent, v. OS-
BORN BURKE et al., Appellants.

APPEAL FROM UNFAVORABLE PART OF JUDGMENT—SATISFACTION OF
FAVORABLE PART—GENERAL RULE—ESTOPPEL.—The general rule is
that if a party to a judgment accepts payment or satisfaction of
a part thereof which is favorable to him, and that part is of such
a character that the part adverse to him cannot be reversed without
affecting the part which is in his favor and requiring the reversion
of that part also, the party so accepting the fruits of a part of
the judgment in his favor is estopped from prosecuting an appeal
from those parts which are against him.

ID.—DEPENDENT AND INCONSISTENT PROVISIONS—ELECTION—WAIVER.—
Where the favorable and unfavorable parts of a judgment are not
concurrent, but dependent and inconsistent provisions, the election to
proceed on the favorable part of the judgment and enjoy its fruits,
is a waiver and renunciation of the right to appeal from the unfa-
vorable part.

ID.—LIMITATION OF RULE—PAYMENT OF JUDGMENT FOR COSTS—APPEAL
FOR GREATER RELIEF—MODIFICATION OF JUDGMENT.—A limitation to
the general rule exists where a judgment for costs has been paid,
and the object of the appeal is to secure greater relief sought under
the complaint, which may be awarded by the modification of the
judgment without a new trial, leaving the part of the judgment for
costs still in force and unaffected.

MOTION to dismiss an appeal from a judgment of the
Superior Court of Los Angeles County. Geo. H. Hutton,
Judge.

The facts are stated in the opinion of the court.

Edward L. Payne, for Appellants.

Stephens & Stephens, for Respondent.

SHAW, J.—This is a motion by the plaintiff to dismiss the
defendants' appeal from the judgment.

The controversy involved in the case is the respective rights
of the plaintiff and defendants in the use of certain water
diverted from the San Gabriel River. The judgment of the
court below is that each party is entitled to a certain portion

of the water, to be used in a certain manner at specified times, and that each be enjoined from interfering with the use of the water to which the other is entitled. It is also adjudged that the defendants recover of the plaintiff their costs laid out in the action. After the decision was filed the defendants filed a memorandum of their costs. Before the judgment was drawn or entered the plaintiff paid and the defendants accepted the amount of the costs as stated in said memorandum. The defendants have appealed from the judgment "and from each and every part, and the whole thereof." The ground of the plaintiff's motion to dismiss the appeal is that, by the acceptance of payment of the costs awarded to them by the judgment, the defendants are estopped and barred from prosecuting an appeal from the whole, or any part of the judgment, of which the judgment for costs is a part.

There is no doubt that the general rule is that if a party to a judgment accepts payment or satisfaction of a part thereof which is favorable to him and that part is of such a character that the part adverse to him cannot be reversed without affecting the part which is in his favor and requiring the reversal of that part also, the party so accepting the fruits of a part of the judgment in his favor is estopped from prosecuting an appeal from those parts which are against him. (*Turner* v. *Markham,* 152 Cal. 246, [92 Pac. 485], and cases there cited.)

The following statement of the rule, taken from Baylies on New Trials, page 18, section 7, has been approved by this court: "If all the provisions of a judgment are connected and dependent, so that a part cannot be reversed without a reversal of the whole, a party cannot proceed to enforce such portions of the judgment as are in his favor, and appeal from the part which is against him. In such case the right to proceed on the judgment and enjoy its fruits, and the right to appeal, are not concurrent, but wholly inconsistent, and an election to assert one right is a waiver and renunciation of the other." (*Storke* v. *Storke,* 132 Cal. 353, [64 Pac. 578].) This suggests that there may be exceptions. As to these the court, in *San Bernardino Co.* v. *Riverside Co.,* 135 Cal. 620, [67 Pac. 1048], says: "A limitation to this rule exists where a reversal of the judgment or order cannot affect the right of the party to the benefit which he has secured

thereby; as, for example, where there is no controversy as to his right for the amount for which the judgment was given, but he claims that he was entitled to a greater amount. In such a case he is not precluded from an appeal, even though he has received the amount awarded to him." In 2 Cyc. 653, one of the exceptions is thus stated: "So, an appellant, by the collection of a judgment in his favor, will not be estopped from appealing for the purpose of modifying the judgment so as to increase the amount of his recovery— as where the judgment allows a counterclaim, makes a deduction for usurious interest, for the value of improvements, or disallows certain items of account," citing *New Rochelle etc. Co.* v. *Van Benschoten,* 47 App. Div. 477, 62 N. Y. Supp. 398; *Monnet* v. *Merz,* 17 N. Y. Supp. 380; *Beals* v. *Lewis,* 43 Ohio St. 222, [1 N. E. 641]; *Clay* v. *Miller,* 7 Ky. (4 Bibb) 461; and *Byram* v. *Polk Co.,* 76 Iowa, 75, [40 N. W. 102]. These cases support the text. See, also, *Embry* v. *Palmer,* 107 U. S. 8, [2 Sup. Ct. 25]; *Knapp* v. *Brown,* 45 N. Y. 210.

The appeal in this case is from the whole of the judgment. If the judgment should be reversed for a new trial, the judgment for the costs which defendants have received would be vacated and their ultimate right thereto would depend upon the result of the new trial. The appeal, in that event, would directly affect their right to that which they have accepted, they would be estopped from prosecuting it and the court would necessarily refuse such relief or dismiss the appeal. But this would not be true, if the relief which the defendants seek by their appeal can be given by a modification of the judgment, eliminating therefrom the part which was erroneously adjudged against them, leaving the remainder in force. A reversal for that purpose would not require a new trial nor affect their right to the costs already received. No injustice would thereby be done to the plaintiff. It will have paid that which it should have paid, and no more. Under the rules above stated there would be no estoppel, and the appeal may be retained, unless upon an examination of the merits it appears that a new trial must be ordered. The appeal has been submitted in Department on the merits. The matter will there be determined upon the principles here stated.

The motion to dismiss the appeal is referred to the court. in Department, to be there further considered and decided.

Sloss, J., Lorigan, J., and Beatty, C. J., concurred.

ANGELLOTTI, J.—I concur in the judgment on the authority of *Stockman* v. *Riverside etc. Co.,* 64 Cal. 57, 59, [28, Pac. 116].