[S. F. No. 7307.   Department One.—May 23, 1917.]

In the Matter of the Estate of DAVID AYERS, Deceased.

APPEAL—EXECUTOR CANNOT QUESTION DISTRIBUTION.—An executor has no standing to question, by means of an appeal, the division of the estate among the beneficiaries or heirs.

ID.—APPEAL FROM DECREE OF DISTRIBUTION—POSSESSION BY APPELLANT OF DISTRIBUTIVE SHARE.—Where the estate of a testator is distributed in accordance with an agreement between the beneficiaries, which provided for a distribution which differed from that made by the will, a beneficiary who had attacked the agreement in the lower court on the ground that it had been obtained by means of menace and asked for a distribution in accordance with the will cannot maintain an appeal from the decree of distribution if he accepts and takes possession of property so awarded him, which under the terms of the will would have gone to others of the beneficiaries.

APPEALS from a decree of the Superior Court of Sonoma County distributing the estate of a deceased person.   Thomas C. Denny, Judge.

The facts are stated in the opinion of the court.

W. F. Cowan, for Appellant.

J. R. Leppo, and D. R. Gale, for Respondents.

SLOSS, J.—David Ayers died on the thirtieth day of June, 1912, survived by a daughter, Anna Mary Ross, and three sons, Charles Ayers, G. Lemuel Ayers, and Clarence L. Ayers. On July 30, 1912, a paper was admitted to probate as the last will of said decedent. Charles Ayers and G. Lemuel Ayers were named in the will as executors, and letters testamentary were issued to them. By the will the testator gave certain cash legacies to five grandchildren, and to Anna Mary Ross and Clarence L. Ayers. He also devised certain real property to two of his sons. In addition, he devised to Charles Ayers and G. Lemuel Ayers his "ranch on the Santa Rosa and Sebastopol road, Charles taking the east half thereof and G. Lemuel taking the west half thereof," the testator's intention, as expressed in the will, being to divide the ranch equally as to acreage, without regard to improvements.   All

the livestock, vehicles, and harness on the ranch, as well as any money or other personal property remaining after satisfying other legacies, was bequeathed in equal shares to the said four children of the testator.

On July 29, 1912, Anna Mary Ross, Charles Ayers, G. Lemuel Ayers, and Clarence L. Ayers entered into an agreement for the division of the estate. By this instrument it was provided that twenty acres of the ranch above mentioned should be set off to Anna Mary Ross, and that the residue of money and personal property, over and above the legacies, should be divided equally among the three sons, no part thereof to go to Anna Mary Ross. The agreement described the twenty acres which were to go to Anna Mary Ross, and two parcels of about forty acres each (comprising the rest of the ranch), which were to go to Charles and G. Lemuel, respectively. The twenty acre piece was at the easterly end of the ranch.

In October, 1913, G. Lemuel Ayers, one of the executors, filed his petition for distribution, setting up the making of this agreement, and asking that the estate be distributed in accordance with its provisions, in so far as they conflicted with the terms of the will. Charles Ayers filed a petition asking that the estate be distributed in accordance with the will. Anna Mary Ross filed an answer to the latter petition, setting up the making of the agreement. Charles Ayers then filed an answer to the petition of G. Lemuel Ayers and to the answer of Anna Mary Ross. In this pleading he made allegations designed to show that his consent to the agreement entered into by the four children of David Ayers had been obtained by means of menace exercised by Anna Mary Ross, and that he had rescinded the agreement.

The court below sustained the demurrers of Anna Mary Ross and G. Lemuel Ayers to this answer, and made its decree distributing the estate in accordance with the terms of the agreement. From this decree Charles Ayers, individually and as executor, appeals.

The respondents move to dismiss the appeals. It is well settled that an executor has no standing to question, by means of an appeal, the division of the estate among the beneficiaries or heirs. (*Bates* v. *Ryberg,* 40 Cal. 463; *In re Wright,* 49 Cal. 550; *Roach* v. *Coffey,* 73 Cal. 281, [14 Pac. 840]; *In re Williams,* 122 Cal. 76, [54 Pac. 386].)

The motion to dismiss the individual appeal is based upon the ground that, since the making of the decree, the appellant has been in the possession and enjoyment of all of the real and personal property distributed to him, and that having thus accepted the fruits of the decree, he is not in a position to maintain an appeal from it.

By affidavits the moving parties show that immediately after the making of the decree of distribution, all of the distributees received and took possession, respectively, of all of the property distributed and awarded to them. Included in this was the sum of $630.83 in cash, of which Charles Ayers received one-third, i. e., $210.27, no part of said residue having been paid to Anna Mary Ross. The ranch described in the will contained a little over one hundred acres, of which twenty acres were distributed to Anna Mary Ross, and two parcels, each containing 40.18 acres, to Charles Ayers and G. Lemuel Ayers, respectively. Charles Ayers, it is stated in these affidavits, has, ever since the making of the decree, been in possession of the 40.18 acres so distributed to him. Since the entry of such decree, the wife of said Charles Ayers has recorded a declaration of homestead covering said 40.18 acres. Furthermore, said Charles Ayers and his wife have executed two mortgages upon said tract to secure the payment of two notes for one thousand two hundred dollars and for three thousand dollars, respectively. Both of said mortgages have been recorded, and the latter still remains unsatisfied of record.

The counter-affidavit of the appellant does not deny the material facts thus stated. He deposes ''that he has not by conveyance, acquiescence, estoppel, or otherwise, conveyed any interest that he may have in said estate to any other person.'' He does not deny, however, that he has been in possession of the 40.18 acre tract, and he admits, in express terms, the execution of the two mortgages. With respect to the personal property, he denies that it was accepted or received by him, ''with the idea of defeating the rights of any other person in case said decree of distribution shall be set aside or reversed.'' This evasive statement is, in effect, an admission of the receipt of the money. The force of the admission is not qualified by the affiant's disclaimer of an intent to defeat the rights of others.

"The right to accept the fruits of a judgment and the right of appeal therefrom are not concurrent. On the contrary, they are totally inconsistent. An election to take one of these courses is, therefore, a renunciation of the other." (*In re Shaver*, 131 Cal. 219, [63 Pac. 340]; *In re Baby*, 87 Cal. 200, [22 Am. St. Rep. 239, 25 Pac. 405]; *San Bernardino County* v. *Riverside County*, 135 Cal. 618, [67 Pac. 1047]; *Turner* v. *Markham*, 152 Cal. 246, [92 Pac. 485]; *Bunting* v. *Haskell*, 152 Cal. 426, [93 Pac. 110]; *Walnut Irr. Dist* v. *Burke*, 158 Cal. 165, [110 Pac. 517].) Where, however, the appellant is concededly entitled to that which he has accepted, but is claiming something more, he is not precluded from maintaining an appeal for the purpose of establishing his greater claim. (*San Bernardino County* v. *Riverside County*, 135 Cal. 618, [67 Pac. 1047]; *Walnut Irr. Dist.* v. *Burke*, 158 Cal. 165, [110 Pac. 517].) The appellant seeks to bring the case within this limitation of the rule. But the facts do not fit the claim. Under the will the appellant was entitled to the east half of the ranch, and G. Lemuel to the west half. Under the agreement, carried into the decree, Mrs. Ross obtains twenty acres of the east half, leaving the remaining eighty acres to be equally divided between the appellant and his brother, G. Lemuel Ayers. The appellant's forty acres, therefore, include ten acres which, under the will, would have gone to his said brother. Not only has he gone into possession of land to which, under the will, he would not have been entitled, but he has encumbered it by a mortgage. Similar considerations apply to the personal property. Under the will, the residue of cash would have gone to the four children in equal shares. Under the decree Mrs. Ross received none of it, and the appellant took one-third, instead of the one-quarter which would otherwise have come to him.

Both appeals are dismissed.

Shaw, J., and Lawlor, J., concurred.