[L. A. No. 8345. In Bank.—January 23, 1925.]

ABE PRELUZSKY, Respondent, v. PACIFIC CO-OPER-ATIVE CAFETERIA COMPANY (a Corporation), Appellant.

[1] APPEAL — SATISFACTION OF JUDGMENT — MOOT QUESTIONS. — It is a general rule that a voluntary satisfaction of a judgment by a party estops him to prosecute an appeal therefrom, but where such satisfaction is involuntary and enforced by a process, the mere circumstance that the judgment has been so satisfied does not of itself alone deprive a party aggrieved of his right to appeal therefrom.

[2] ID.—JUDGMENT—SEVERABLE PORTIONS—SATISFACTION.—Where the different portions of a judgment are severable, a party by voluntarily accepting the fruits of one portion thereof does not necessarily estop himself to attack other and severable portions thereof upon appeal; but where he accepts payment or satisfaction of a part which is favorable to him, and that part is of such a character that the part adverse to him cannot be reversed without affecting the part which is in his favor and requiring the reversal of that part also, he is estopped from prosecuting an appeal from those parts which are against him.

[3] ID.—ASSIGNMENT OF LEASE—SPECIFIC PERFORMANCE—ACCEPTANCE OF PURCHASE PRICE—APPEAL.—In a suit for specific performance of a contract to sell and assign to plaintiff a certain lease and

---

1. When appeal may be prosecuted from satisfied judgment, note, 45 Am. St. Rep. 271. See, also, 2 R. C. L. 64; 2 Cal. Jur. 228.
2. See 2 R. C. L. 61; 2 Cal. Jur. 229.

leasehold estate at a certain price, in which the court rendered judgment for the plaintiff, requiring the defendant to execute an assignment of the lease within a certain time upon payment of the balance of the purchase price, and in which the clerk, under order of the court, after defendant's refusal to do so, executed the assignment and issued a writ of execution under which the plaintiff paid the balance of the purchase price to the sheriff from whom the defendant, after tender, accepted the same, and the sheriff put the plaintiff in possession of the property, and upon return of the execution the clerk entered satisfaction in full of the judgment, under the circumstances, an appeal from the whole judgment, is moot and will be dismissed; and the appellate court cannot retain the appeal for the purpose of considering appellant's claim to a greater amount than that awarded by the trial court.

[4] ID.—CLAIM FOR GREATER AMOUNT—RETENTION OF APPEAL.—The rule that an appellant is not precluded from maintaining an appeal for the purpose of establishing a greater claim where it appears that he is entitled to that which he has accepted, but is claiming something more, applies to cases wherein the appeal is limited to a specific and severable portion of the judgment under circumstances such that the portion of the judgment appealed from can be reversed without affecting the right of the appellant to retain the fruits which he has theretofore received and retained from the other portions of the judgment not appealed from, and the only exception to this latter rule is where the judgment appealed from may be modified in the manner sought by the appellant without the necessity of a retrial and therefore without disturbing the portion which appellant has received and retained the benefit of.

---

(1) 3 **C. J.**, p. 675, sec. 549.    (2) 3 **C. J.**, p. 681, sec. 553.    (3) 3 **C. J.**, p. 682, sec. 557.    (4) 3 **C. J.**, p. 683, sec. 559.

MOTION to dismiss an appeal from a judgment of the Superior Court of Los Angeles County. F. M. Jamison, Judge. Appeal dismissed.

The facts are stated in the opinion of the court.

Rufus L. Horton for Appellant.

Cooper, Collings & Shreve for Respondent.

---

4. See 2 **R. C. L.** 56.

THE COURT.—This is a motion to dismiss an appeal upon the ground that the judgment appealed from has been fully satisfied and the appeal thereby rendered moot. Plaintiff recovered judgment in an action for the specific performance of a contract whereby the defendant agreed to sell and assign to the plaintiff a certain lease and leasehold estate at the price of twenty-five thousand dollars, of which one hundred dollars was paid upon the execution of the contract, and the balance of twenty-four thousand nine hundred dollars, was to be paid within ninety days thereafter. Plaintiff having tendered the balance of the purchase price and the defendant having refused to accept the same or make the assignment of the lease, this action was brought. The court found all of the issues of fact in favor of the plaintiff and rendered judgment requiring the defendant to execute an assignment of the lease within ten days thereafter and to deliver the same to plaintiff upon the payment to it of twenty-four thousand nine hundred dollars, and further providing that in default thereof the clerk should make and execute such assignment of the lease and deliver same to the plaintiff upon the payment of said sum, and that upon the payment thereof a writ of execution should issue directing the sheriff to place the plaintiff in possession of the premises. Defendant having refused to execute the assignment of lease, the same was executed by the clerk and a writ of execution issued and delivered to the sheriff. The plaintiff having delivered to the sheriff the sum of twenty-four thousand nine hundred dollars, the latter tendered the same to defendant, who accepted and retained it, whereupon the sheriff placed the plaintiff in possession of the premises. The sheriff having made his return thereof, the clerk thereafter entered satisfaction in full of the judgment upon the court records. The defendant having taken an appeal from the judgment "and from the whole thereof," plaintiff moved this court to dismiss the appeal upon the ground that under the facts and circumstances above outlined the appeal is moot.

[1] It is the general rule that a voluntary satisfaction of a judgment by a party estops him to prosecute an appeal therefrom, but where such satisfaction is involuntary and enforced by process, the mere circumstance that the judgment

has been so satisfied does not of itself alone deprive a party aggrieved of his right to appeal therefrom. (*Knight* v. *Marks,* 183 Cal. 354 [191 Pac. 531]; *Sunset Lumber Co.* v. *Bachelder,* 167 Cal. 513 [Ann. Cas. 1916B, 664, 140 Pac. 35]; *Warner Bros. Co.* v. *Freud,* 131 Cal. 639 [82 Am. St. Rep. 400, 63 Pac. 1017].)   Section 1049 of the Code of Civil Procedure, providing: ''An action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied,'' is not to be regarded as changing or modifying this rule. (*Kenney* v. *Parks,* 120 Cal. 22 [52 Pac. 40].)   **[2]**   Where the different portions of a judgment are severable, a party by voluntarily accepting the fruits of one portion thereof does not necessarily estop himself to attack other and severable portions thereof upon appeal. (*Coffman* v. *Bushard,* 164 Cal. 663 [130 Pac. 425].)   But if a party to a judgment accepts payment or satisfaction of a part thereof which is favorable to him, and that part is of such a character that the part adverse to him cannot be reversed without affecting the part which is in his favor and requiring the reversal of that part also, the party so accepting the fruits of a part of the judgment in his favor is estopped from prosecuting an appeal from those parts which are against him. (*Walnut Irr. Dist.* v. *Burke,* 158 Cal. 165 [110 Pac. 517]; *Turner* v. *Markham,* 152 Cal. 246 [92 Pac. 485].)   It is manifest, therefore, that the defendant having received, accepted, and retained the full purchase price for the assignment of the lease cannot now be heard to maintain upon appeal that the plaintiff was not entitled to the specific enforcement of the contract for such assignment.   Defendant is not entitled to the money unless plaintiff gets the property.

**[3]**   Appellant now contends that the trial court erred in fixing the amount to be awarded to it and asserts that it should have been awarded one thousand dollars more than was awarded to it in the judgment.   **[4]**   In this connection appellant invokes the rule followed in *Estate of Clark,* 190 Cal. 354, 359 [212 Pac. 622], to the effect that an appellant is not precluded from maintaining an appeal for the purpose of establishing a greater claim where it appears that he is entitled to that which he has accepted, but is claiming something

more.  (See, also, *Coffman* v. *Bushard, supra; First Nat.
Bank* v. *Wakefield*, 138 Cal. 561 [72 Pac. 151]; *Goodlett* v.
*St. Elmo Investment Co.*, 94 Cal. 297, 303 [29 Pac. 505];
*Walnut Irr. Dist.* v. *Burke, supra*.)  The soundness of this
rule is unquestioned, but its applicability to the case under
consideration is questionable.  The cases in which this rule
is ordinarily applied are cases wherein the appeal is limited
to a specific and severable portion of the judgment under cir-
cumstances such that the portion of the judgment appealed
from can be reversed without affecting the right of the ap-
pellant to retain the fruits which he has theretofore received
and retained from the other portions of the judgment not
appealed from.  The only exception to this latter rule which
has come to our attention is where the judgment appealed
from may be *modified* in the manner sought by the appel-
lant without the necessity of a retrial and therefore without
disturbing the portion thereof of which the appellant has
received and retained the benefit.  Such was the case of
*Walnut Irr. Dist.* v. *Burke, supra*.  It was there pointed out
that the rule for which appellant is here contending can be
applied only where a reversal of the judgment cannot affect
the right of the appellant to retain the benefit which he has
theretofore secured therefrom.  (See, also, *Estate of Ayres*,
175 Cal. 187 [165 Pac. 528].)  The appeal herein was not
taken from a portion of the judgment, but from the whole
thereof, and even if it had been limited to the portion thereof
which appellant now seeks to attack, it could not be modified
in the manner which appellant desires except after the re-
versal of the whole thereof and the granting of a new trial.
The trial court found as a fact that appellant is entitled to
the precise amount which it has received.  Even if it should
be determined upon appeal that this finding is not supported
by the evidence, it could not be corrected by the appellate
court, and the only relief which could be granted would be
the reversal of the judgment and remanding the case for a
new trial.  The effect thereof would be to disentitle the ap-
pellant to the twenty-four thousand nine hundred dollars
which it has heretofore received and retained.  Appellant
cannot be permitted to thus seek to destroy the entire judg-
ment while retaining the benefit thereof.  Moreover, aside
from the foregoing considerations, if we should deny the pres-

ent motion and retain this appeal, no useful purpose would be served thereby, for the reason that the appellant has failed to bring up a record on appeal upon which the question which it is now urging can be reviewed.  The record upon this appeal consists solely of the clerk's transcript.  None of the evidence is brought up, either in a reporter's transcript or a bill of exceptions, and it must therefore conclusively be presumed that the evidence was sufficient to support the findings of fact. The trial court found the terms of the contract to be as alleged in the complaint, from which it appears that the amount which the defendant was entitled to receive for a conveyance of the lease was the amount which was adjudged to be paid to it and which was in fact paid to it.  There is no basis in the record upon this appeal upon which appellant can contend that it is entitled to a larger amount than that which was adjudged and paid to it.  Therefore, if we should deny the present motion and retain this appeal, the judgment appealed from must, nevertheless, inevitably be affirmed upon the present record.

The motion is granted and the appeal dismissed.

All the Justices concurred.