[Civ. No. 966.   Fourth Appellate District.—July 11, 1932.]

M. N. GUHO, Appellant, v. CITY OF SAN DIEGO (a Municipal Corporation), Respondent.

Welburn Mayock and Ralph C. Curren for Appellant.

C. L. Byers, City Attorney, H. B. Daniel, Assistant City Attorney, and Gilmore Tillman, Deputy City Attorney, for Respondent.

BARNARD, P. J.—This is a motion to dismiss an appeal upon the ground that the judgment appealed from has been paid and fully satisfied.

In a complaint containing only one count, the plaintiff sought to recover a balance of $10,484.91 for certain work done for the defendant city under a written contract, the further sum of $16,759.82 for extra work alleged to have been done in connection with the work covered by the contract, and an additional $10,193.15 for damages alleged to have been caused by the interference of the defendant's agents with the work in question, making a total demand of $37,437.88. The defendant admitted that it owed a portion of the contract price and tendered into court $10,379.18, which amount the plaintiff refused to accept. At the close of the plaintiff's case, the defendant moved for a directed verdict for the amount previously tendered, and ''for the purposes of this motion only'' conceded that interest on this amount should be allowed for about one year. While the matter of interest on the amount tendered was in dispute, the defendant, contending that the plaintiff was not entitled to interest thereon, since he had refused to accept the same when it first became due, the inclusion of such interest in the amount of a directed verdict being thus authorized, the court directed a verdict for an amount covering the $10,379.18, plus interest in the sum of $726.54. The jury returned a verdict as directed and judgment was entered for $11,105.72 and costs, on October 28, 1931.

On October 31, 1931, the plaintiff was notified that the amount of the judgment would be paid upon the receipt of a duly executed satisfaction of judgment. On November 2, 1931, the plaintiff's attorney sent a satisfaction of the judgment to the attorney for the defendant, authorizing him to file the same when he had forwarded the amount of the judgment and costs, and further stating "we hope you will do all that you can to assist us in obtaining the money at the earliest possible date". The amount of the judgment and costs was paid to and accepted by the plaintiff's attorney and on November 14, 1931, there was filed in the clerk's office an instrument which, omitting the formal heading and the acknowledgment, reads as follows:

"No. 66718.

"Satisfaction of Judgment.

"The judgment herein having been paid, full satisfaction is hereby acknowledged of said Judgment entered Oct. 28 '31 in Book 87 Page 8, of Judgments, in favor of M. N. Guho and against the City of San Diego and the Clerk is hereby authorized and directed to enter full satisfaction of record in said action.

"Dated Nov. 2nd, 1931.

"RALPH C. CURREN
"WELBURN MAYOCK & RALPH C. CURREN
"WELBURN MAYOCK
"Attorneys for Judgment Creditor."

Subsequently, on December 16, 1931, a notice of appeal was filed by the plaintiff, being the appeal to which this motion is directed.

As a general rule, a party may not accept the fruits of a judgment and at the same time appeal from the same (*Estate of Ayers,* 175 Cal. 187 [165 Pac. 528], and cases there cited). An exception to this rule is recognized where the appellant is conceded to be entitled to the thing which he has accepted and where the appeal only relates to an additional claim on his part (*San Bernardino County* v. *Riverside County,* 135 Cal. 618 [67 Pac. 1047]; *Walnut Irr. Dist.* v. *Burke,* 158 Cal. 165 [110 Pac. 517, 518]). The appellant here claims to be within this exception to the general rule.

█ It may first be observed that the appellant, in accepting the amount paid, has received more than the amount to which he was concededly entitled, in that he has received $726.54 interest and his costs of suit. If the respondent was correct in its contention that the appellant had improperly refused to accept the correct balance when the same became due, the appellant was not entitled to this interest. While this interest was included in the amount of the directed verdict, this was conceded by the respondent for the purpose of that motion only and it was never admitted by the respondent that the appellant would be entitled to the same, except in connection with this particular judgment. In taking an appeal after accepting payment of the judgment entered under these circumstances, it is not true that the appellant is, in fact, appealing only after receiving something to which he is concededly entitled, and about which there is no controversy. If the appeal were to be considered and the judgment should be reversed upon the ground that the motion for a directed verdict should not have been granted, upon a rehearing of the case, it might be found that the appellant was entitled only to the amount tendered into court, in which event he would neither be entitled to the interest nor the costs which he has received.

In *Walnut Irr. Dist.* v. *Burke, supra,* the following rule was quoted with approval:

"If all the provisions of a judgment are connected and dependent, so that a part cannot be reversed without a reversal of the whole, a party cannot proceed to enforce such portions of the judgment as are in his favor, and appeal from the part which is against him. In such case the right to proceed on the judgment and enjoy its fruits, and the right to appeal, are not concurrent, but wholly inconsistent, and an election to assert one right is a waiver and renunciation of the other."

In the case before us, the appellant, in his notice of appeal, states that he appeals from the judgment "and from the whole of said judgment". The judgment was entered upon a directed verdict for a specific amount and the judgment cannot be reversed without reversing it all, and the appeal was taken from the whole thereof. Under the rule thus stated, we are unable to see how the judgment in ques-

tion can now be separated in the manner contended for by appellant.

A further rule is thus quoted and approved in *Storke* v. *Storke,* 132 Cal. 349 [64 Pac. 578, 580]:

" 'A party may also waive his right to appeal from a judgment or order by acts which are wholly inconsistent with the assertion of the right. Thus if all the provisions of a judgment are connected and dependent, so that a part cannot be reversed without a reversal of the whole, a party cannot proceed to enforce such portions of the judgment as are in his favor, and appeal from the part which is against him'."

■ If it be assumed that this appellant had the right to accept the amount paid and thereafter appeal from the judgment, we think he waived his right by accepting such payment upon condition that he satisfy the judgment and by executing and authorizing to be filed, a full and complete satisfaction thereof. As was said in *In re Baby,* 87 Cal. 200 [22 Am. St. Rep. 239, 25 Pac. 405], "when a judgment has been satisfied, it has passed beyond review; for the satisfaction thereof is the last act and end of the proceeding". In our opinion, the acts of this appellant are inconsistent with the retention of a right of appeal. The judgment having been satisfied of record, nothing remained from which to appeal.

For the reasons given, the appeal is dismissed.

Marks, J., and Thompson (V. N.), J., *pro tem.,* concurred.

A petition for a ·rehearing of this cause was denied by the District Court of Appeal on August 5, 1932.