[Civ. No. 3265. Fourth Dist. Feb. 25, 1944.]

GREENSPOT DESERT INNS, INC. (a Corporation), Respondent, v. JOHN H. ROY et al., Appellants.

Fred A. Wilson, Duckworth, Mussell & King, Norman S. Sterry and Gibson, Dunn & Crutcher for Appellants.

John L. Mace and Surr & Hellyer for Respondent.

MARKS, J.—This is a motion to dismiss this appeal on the ground that defendants have accepted the benefits of the judgment and, therefore, cannot prosecute it.

Both parties have filed affidavits, arguments and extensive briefs. In their affidavits and briefs appellants have made frequent reference to the case of *Roy* v. *Greenspot Desert Inns, Inc.,* —— Cal.App.2d —— [—— P.2d ——], pending here on appeal. ■ Respondent argues that no notice can be taken of the record in that case because it is a separate appeal pending in a case separate and distinct from the instant case. In the record before us we find a stipulation reciting that in the trial of the instant case it was stipulated "that all of the evidence oral and documentary received in the first above entitled action (*Roy* v. *Greenspot Desert Inns, Inc.*) should be deemed to be received as a part of the record

in'' the instant action and that all documentary evidence was included in the clerk's transcript in the other action. It was stipulated that the two reporter's transcripts be considered as one and used on both appeals and that the clerk's transcripts in either may be used in the other. An appropriate order was made in conformance with the stipulation. Therefore we consider it proper to consider both records in this proceeding where it may be necessary to do so.

On May 1, 1941, appellants were the owners of the Greenspot Café and Annex in Victorville, in San Bernardino County. On that day they leased it to D. H. Peery for a term of five years. There were modifications of the lease and an assignment to respondent. The lessors, appellants here, were given the option of receiving 8 per cent of the gross monthly income from the business in lieu of the monthly rental of $550. Respondent was given an option to purchase the property for $63,000, payable $5,000 in cash, a note for $10,000, payable in instalments within two years secured by a chattel mortgage, and $48,000 payable in instalments over a ten-year period. In the option it was provided that upon its exercise appellants would execute a conditional sales contract of the property.

Peery entered into possession of the property about May 1, 1941, and subsequently assigned the lease and option to respondent. Appellants elected to take the 8 per cent of the gross receipts of the business in lieu of the monthly rental reserved in the lease. The rentals thus computed averaged in excess of $2,000 per month. To a considerable extent these high returns were due to war conditions and military activities on the California desert.

Respondent sought to exercise its option to purchase, and on April 10, 1942, deposited $5,000 in escrow with the San Bernardino Branch of the Bank of America, together with escrow instructions. By agreement the time of the exercise of the option was extended six months from that date to October 10, 1942. We are informed by affidavits that much of the six months was used in negotiations over the terms of a sale which included discussions of the sale and purchase of stock in respondent corporation. About November 23, 1942, respondent gave appellants notice of its intention to proceed to exercise its option. At that time no rent had been paid for the months of October or November.

Respondent prepared a promissory note for $10,000, a

chattel mortgage securing it, and a form of a conditional sales contract it desired to have executed, and placed these documents in escrow. Appellants prepared a conditional sales contract in the form they desired. Neither of the parties approved the form of contract prepared by the other and neither contract was executed. No rent was paid during this period and appellants commenced an action in unlawful detainer to recover possession of the property. Respondent filed an action to enforce specific performance of its option to purchase the property. It was successful in both actions and this appeal followed.

The judgment set forth copies of the promissory note and chattel mortgage to be executed by respondent and a copy of the conditional sales contract to be executed by both. The judgment contained the following:

"That the defendants, John H. Roy and H. E. Roy, and each of them, within ten days from the date of service upon them or their attorneys, of notice of entry of this Judgment, execute, acknowledge before a Notary Public and deliver to the plaintiff, Greenspot Desert Inns, Inc., a corporation, a conditional sales contract in the words, terms and figures set forth in Exhibit 'A' hereunto annexed and by this reference made a part hereof for all purposes."

The judgment further provided that in the event defendants failed so to execute the contract that the clerk of the court carry the judgment into effect and "procure, execute, acknowledge and deliver the documents."

The situation existing at the time of the entry of judgment seems to be this: Appellants claimed to be entitled to immediate possession of the property because of alleged breaches in the conditions of the lease, together with 8 per cent of the gross receipts of the business as rental amounting to something over $28,000, being a little more than $2,000 per month, with a judgment against them on these issues. They were required by the judgment to accept $13,200.55, being $5,000, less a cash deposit of advance rentals paid when the lease was executed, and accrued instalments of principal and interest on the $10,000 promissory note and the conditional sales contract, accept the promissory note and chattel mortgage and execute and deliver the conditional sales contract or have the county clerk act for them. The total payments accruing to them under the decree would amount to something over $1,000 a month while they claimed they were

entitled to rentals of over $2,000 a month as long as respondent held possession of the property. Under any view of the case appellants received under the judgment only that which was admittedly due them and less than half of what they claimed was due them and what they might be able to recover should the judgment be reversed and should they prevail on a retrial of the case.

Appellants tendered a conditional sales contract to respondent under conditions respondent refused to accept. Finally appellants accepted the $13,200.55 due them, the promissory note and chattel mortgage and delivered the conditional sales contract to respondent. Appellants also accepted money representing a proration of taxes and insurance paid by them. The aggregate of these amounts is small. Respondent on its own motion satisfied the judgment except the portion awarding it costs.

Respondent has moved to dismiss this appeal on the ground that appellants, having accepted the fruits of the judgment, cannot attack it on appeal. Appellants are resisting the motion on several grounds, among which are: (1) That they acted under compulsion and so are not prohibited from urging a reversal of the judgment, and (2) that they only accepted that which was actually and admittedly due them under any theory of the case while claiming a considerably larger sum which furnishes one important exception to the general rule to the effect that a party accepting the fruits of a judgment may not attack it.

The general rule just stated is thoroughly established in California. (See *Preluzsky* v. *Pacific Co-operative C. Co.*, 195 Cal. 290 [232 P. 970]; *Graham* v. *Alchian*, 51 Cal.App. 263 [197 P. 134]; *Mt. Shasta Power Corp.* v. *Dennis*, 66 Cal.App. 186 [225 P. 877]; *Guho* v. *City of San Diego*, 124 Cal.App. 680 [13 P.2d 387]; *Paul* v. *Walburn*, 135 Cal. App. 364 [26 P.2d 1002].)

There are two equally well settled exceptions to this rule. The first is thus stated in *Preluzsky* v. *Pacific Co-operative C. Co., supra:*

"It is the general rule that a voluntary satisfaction of a judgment by a party estops him to prosecute an appeal therefrom, but where such satisfaction is involuntary and enforced by process, the mere circumstance that the judgment has been so satisfied does not of itself alone deprive a party aggrieved of his right to appeal therefrom. (*Knight* v. *Marks*,

183 Cal. 354 [191 P. 531] ; *Sunset Lumber Co.* v. *Bachelder,* 167 Cal. 513 [Ann.Cas. 1916B 664, 140 P. 35] ; *Warner Bros. Co.* v. *Freud,* 131 Cal. 639 [82 Am.St.Rep. 400, 63 P. 1017].)''

The second exception is stated in *Guho* v. *City of San Diego, supra,* as follows:

"As a general rule, a party may not accept the fruits of a judgment and at the same time appeal from the same (*Estate of Ayers,* 175 Cal. 187 [165 P. 528], and cases there cited). An exception to this rule is recognized where the appellant is conceded to be entitled to the thing which he has accepted and where the appeal only relates to an additional claim on his part. (*San Bernardino County* v. *Riverside County,* 135 Cal. 618 [67 P. 1047] ; *Walnut Irr. Dist.* v. *Burke,* 158 Cal. 165 [110 P. 517, 518].)''

We have here the question of whether or not the case of appellants comes within either or both of the exceptions to the general rule. In approaching that question it might not be out of place to state that it has been the consistent policy of this court to hear appeals on their merits rather than to dismiss them on motion when that result could be reached without violation of clear rules of law. In following this policy we may have gone further than some of the other courts of this state, although we have dismissed appeals when required to do so.

Appellants first argue that their acts were done under compulsion of the mandatory order in the judgment already quoted. We can find little merit in this argument because that portion of the judgment could have been stayed by the deposit with the county clerk of the conditional sales contract pending the determination of the appeal. (Sec. 944, Code Civ. Proc.)

It is next argued in this connection that as appellants admittedly had considerable sums of money due and payable to them each month they acted under the compulsion of facing serious financial loss unless they accepted part of what they demanded and believed due them. This argument gains substance when we take judicial notice of what is known to all residents of San Bernardino County, of the stimulation that war conditions have given business there. During the past twelve years courts have frequently taken judicial notice of business conditions caused by the depression so we can see no reason why we cannot take judicial notice of the stimulation of business caused in certain locali-

ties by war conditions. Much of the increase in business values and revenues is due to war conditions and to trade caused by the presence of large numbers of the armed forces and will disappear when the men in those forces return to their homes. Thus depreciation in revenues and values which are now inflated in those localities is not an improbable result.

The probability of loss to appellants through delay is not merely fanciful should they forego all revenues from their property during the pendency of this litigation which would have happened had they merely stayed the judgment on appeal. ·

In *Warner Bros.* v. *Freud,* 131 Cal. 639 [63 P. 1017, 82 Am.St.Rep. 400], the possibility of financial loss to defendant in the sum of $12,790.33 in property values was held sufficient compulsion to excuse the payment of $12,209.67 adjudged to be due in an action foreclosing a mortgage and to furnish sufficient reason to deny a motion to dismiss an appeal involving the validity of that judgment. ·

The case of *Alamitos Land Co.* v. *Shell Oil Co.,* 217 Cal. 213 · [17 P.2d 998], is to the same effect. The defendant was lessee of oil lands belonging to the plaintiff which recovered judgment against it in the sum of $522,895.11 on an accounting. The effect of the judgment was to terminate the oil lease unless the money was paid before a fixed date. The money was paid and the defendant appealed. The motion to dismiss the appeal was denied on the ground that the payment was made under the compulsion of the threatened serious financial loss. *Hartke* v. *Abbott,* 106 Cal.App. 388 [289 P. 206]; *Everts* v. *Matteson,* 46 Cal.App.2d 14 [115 P.2d 207], and *Hallett* v. *Slaughter,* 22 Cal.2d 552 [140 P.2d 3], are to the same effect.

In discussing the second exception to the general rule in *Walnut Irrigation District* v. *Burke,* 158 Cal. 165 [110 P. 517], it was said:

"This suggests that there may be exceptions. As to these the court, in *San Bernardino Co.* v. *Riverside Co.,* 135 Cal. 620 [67 P. 1048], says: 'A limitation to this rule exists where a reversal of the judgment or order cannot affect the right of the party to the benefit which he has secured thereby; as, for example, where there is no controversy as to his right for the amount for which the judgment was given, but he claims that he was entitled to a greater amount. In such a case he is not precluded from an appeal, even though he has

received the amount awarded to him.' In 2 Cyc. 653, one of the exceptions is thus stated: 'So, an appellant, by the collection of a judgment in his favor, will not be estopped from appealing for the purpose of modifying the judgment so as to increase the amount of his recovery—as where the judgment allows a counterclaim, makes a deduction for usurious interest, for the value of improvements, or disallows certain items of account,' . . . ''

Here appellants only accepted the money which the respondent admitted owing them while they claimed a much larger amount was due and payable to them. They also accepted the payments under threat of serious loss. Therefore we conclude that both exceptions to the general rule are applicable here and that the appeal need not be dismissed.

The motion to dismiss the appeal is denied.

Barnard, P. J., and Griffin, J., concurred.