[L. A. No. 23807.   In Bank.   Mar. 22, 1956.]

G. MATHYS, Appellant, v. RICHARD H.
TURNER, Respondent.

S. V. O. Prichard for Appellant.

Algerdas N. Cheleden for Respondent.

GIBSON, C. J.—Plaintiff, as assignee, sued to recover $10,000, alleged to be the reasonable value of attorney's services, and $905.10 assertedly expended as costs in connection with certain litigation. The matter was tried without a jury, and plaintiff was awarded judgment for $1,500. He then appealed, claiming that the trial court abused its discretion in not awarding a larger amount.

After the judgment was affirmed by the District Court of Appeal, and before a hearing was granted by this court, defendant gave plaintiff a check for $1,655, and plaintiff executed and delivered a satisfaction of judgment which acknowledged payment of the judgment and authorized the clerk to enter full satisfaction of record. Defendant urges that the appeal is moot and should be dismissed by reason of this satisfaction.

It is the general rule that the voluntary acceptance of the benefit of a judgment or order is a bar to the prosecution of an appeal, since the right to accept the fruits of the judgment and the right to appeal therefrom are wholly inconsistent, and an election to take one is a renunciation of the other. (*Schubert* v. *Reich,* 36 Cal.2d 298, 299 [223 P.2d 242] ; *Giometti* v. *Etienne,* 5 Cal.2d 411, 413 et seq. [55 P.2d 216] ; *Preluzsky* v. *Pacific Co-op. Cafeteria Co.,* 195 Cal. 290, 293-294 [232 P. 970] ; *Union Lithograph Co.* v. *Bacon,* 179 Cal. 53, 57 [175 P. 464] ; *Estate of Ayers,* 175 Cal. 187, 189-190 [165 P. 528] ; *County of San Bernardino* v. *County of Riverside,* 135 Cal. 618 [67 P. 1047].) An exception to the general rule exists where the appellant is concededly entitled to the benefits which are accepted and a reversal will not affect the right to those benefits. (See *Gudelj* v. *Gudelj,* 41 Cal.2d 202, 214 [259 P.2d 656] ; *Estate of Hubbell,* 216 Cal. 574 [15 P.2d 503] ; *Browning* v. *Browning,* 208 Cal. 518 [282 P. 503] ; *Coffman* v. *Bushard,* 164 Cal. 663, 665 [130 P. 425] ; *Royat* v. *Roberts,* 107 Cal.App.2d 447, 449-450 [237 P.2d 25] ; *Wold* v. *League of the Cross,* 107 Cal.App. 344, 347 [290 P. 460].)

Plaintiff asserts that he comes within this exception and argues that defendant, by failing to appeal, has agreed that plaintiff is entitled to the amount of $1,500 awarded by the judgment, and hence the sole question presented by the appeal

is whether plaintiff is entitled to a greater recovery. The controversy, however, concerned the value of services and the amount of payments made, and in case of a reversal and retrial the judgment could conceivably be smaller. (*Cf. Schubert* v. *Reich,* 36 Cal.2d 298, 300 [223 P.2d 242]; *Estate of Ayers,* 175 Cal. 187, 190 [165 P. 528]; *County of San Bernardino* v. *County of Riverside,* 135 Cal. 618, 620-621 [67 P. 1047]; *Guho* v. *City of San Diego,* 124 Cal.App. 680, 683 [13 P.2d 387].)　 As stated in *Preluzsky* v. *Pacific Co-op. Cafeteria Co.,* 195 Cal. 290, 293 [232 P. 970], "if a party to a judgment accepts payment or satisfaction of a part thereof which is favorable to him, and that part is of such a character that the part adverse to him cannot be reversed without affecting the part which is in his favor and requiring the reversal of that part also, the party so accepting the fruits of a part of the judgment in his favor is estopped from prosecuting an appeal from those parts which are against him."

There is no merit in plaintiff's claim that the satisfaction should be held to be inoperative on the theory that plaintiff's prior recordation of an abstract of judgment placed it within the power of defendant to compel a satisfaction. His recordation of the abstract was voluntary, there was no court order directing satisfaction (see Code Civ. Proc., § 675), and the tender of the money and demand for satisfaction did not involve legal or economic compulsion. (*Cf. Alamitos Land Co.* v. *Shell Oil Co.,* 217 Cal. 213, 215 [17 P.2d 998]; *Greenspot Desert Inns, Inc.* v. *Roy,* 63 Cal.App.2d 54, 60 [146 P.2d 39].) Plaintiff's acts in accepting payment and then executing and authorizing the filing of a complete satisfaction constituted a waiver of the right to appeal. (*Cf. Giometti* v. *Etienne,* 5 Cal.2d 411, 414-415 [55 P.2d 216]; *Guho* v. *City of San Diego,* 124 Cal.App. 680, 683-684 [13 P.2d 387].) The fact that he may have acted under the erroneous belief that he was compelled to accept the tender cannot prevent the satisfaction from operating as a bar to prosecution of the appeal.

The appeal is dismissed.

Shenk, J., Carter, J., Traynor, J., Schauer, J., Spence, J., and McComb, J., concurred.

Appellant's petition for a rehearing was denied April 18, 1956.