[Civ. No. 18073. First Dist., Div. One. Jan. 15, 1958.]

GEORGE HADDAD, Respondent, v. ERNEST PAZAR et al., Appellants.

Bledsoe, Smith, Cathcart, Johnson & Phelps and Wilbur J. Russ for Appellants.

Philander Brooks Beadle and Howard Magee for Respondent.

BRAY, J.—The sole question presented by plaintiff's motion to dismiss defendants' appeal from a judgment against them in favor of plaintiff is whether the payment into court of the amount of the judgment and the obtaining by defendants of an order satisfying the judgment bars defendants' right of appeal from said judgment.

## Record

In an action for personal injuries, plaintiff obtained judgment against defendants in the sum of $8,000, and plaintiff in intervention, Pacific Indemnity Company, obtained a $2,000 judgment. Defendants and plaintiff in intervention respec-

tively moved for new trials. After their motions were denied, defendants appealed from all judgments against them and plaintiff in intervention appealed from the judgment in its favor.* Thereafter defendants deposited in court the sum of $10,000 plus interest and costs then accrued on the respective judgments against them and moved the trial court for an order to enter satisfaction of both judgments. The court ordered both judgments satisfied. However, neither plaintiff nor plaintiff in intervention has accepted the moneys on deposit in court. Plaintiff moved this court for a dismissal of defendants' appeal on the ground that their judgment has been satisfied.

### EFFECT OF SATISFACTION OF JUDGMENT

In the notice of motion for order to enter satisfaction of judgment defendants set forth that plaintiff's attorney had indicated a willingness to accept the result of the trial, that the amounts of the two judgments "represents the total amount recoverable against the defendants regardless of the outcome of any appeal by Pacific Indemnity Company now pending, and that the defendants have taken a protective appeal for the sole purpose of protecting their rights in the event of some adverse ruling by the appellate court in connection with the appeal of Pacific Indemnity Company and that it is the desire of the defendants to pay and satisfy the" Pacific Indemnity judgment "and to stop the running of interest thereon."†

 "It is the general rule that the voluntary acceptance of the benefit of a judgment or order is a bar to the prosecution of an appeal, since the right to accept the fruits of the judgment and the right to appeal therefrom are wholly inconsistent, and an election to take one is a renunciation of the other. [Citations.]" (*Mathys* v. *Turner*, 46 Cal.2d 364, 365 [294 P.2d 947].)

 There are two exceptions to this general rule, (1) "where the appellant is concededly entitled to the benefits which are accepted and a reversal will not affect the right to those benefits" (*Idem*, p. 365) (this exception is not appli-

---

*Although an appellant in the main case, plaintiff in intervention is not a party to this proceeding.

†From the affidavit of one of defendants' attorneys filed in this proceeding it appears that Pacific Indemnity contends that of the judgments rendered against defendants, it is entitled to $7,865.65 for alleged compensation payments instead of only $2,000, while plaintiff contends that he is entitled to the full $8,000 awarded him.

cable here); (2) where the payment "is compulsory, such as under execution or other coercion" (*Reitano* v. *Yankwich,* 38 Cal.2d 1, 3 [237 P.2d 6]). The question is whether the facts of this case bring it within this exception. ■ The Yankwich case, page 4, quoting from Freeman on Judgments, section 1165, page 2410, lays down the rule of determining whether the payment of a judgment is compulsory. " 'The better view, we think, is, that though execution has not issued, the payment of a judgment must be regarded as compulsory, and therefore as not releasing errors, nor depriving the payor of his right to appeal, unless payment be by way of compromise and settlement or under an agreement not to appeal or under circumstances leaving only a moot question for determination.' " (See also *Warner Bros. Co.* v. *Freud,* 131 Cal. 639 [63 P. 1017, 82 Am.St.Rep. 400]; *Remillard Brick Co.* v. *Remillard-Dandini Co.,* 109 Cal.App.2d 405, 414 [241 P.2d 66].) ■ In *Estate of Merrill,* 29 Cal.2d 520, 524 [175 P.2d 819], the court said: "In the case of voluntary satisfaction of a judgment, deprivation of the right to appeal ensues only *when it is shown* that the payment of the judgment was by way of compromise or with an agreement not to take or prosecute an appeal." (Emphasis added.) In our case not only is there no such showing but the showing to the contrary is without contradiction. The notice of motion for order to enter satisfaction of judgment shows on its face that the order was to be obtained to stop the running of interest on the judgment and that the appeal was to remain in force. The affidavit filed in this court stating that the payment was made and the order obtained to protect defendants from execution, to avoid the continued running of interest, and not by way of compromise or any waiver of right of appeal, is undenied. As said in *Reitano* v. *Yankwich, supra,* 38 Cal.2d at page 4, "In the instant case there is no indication that the payment of the judgment . . . was by way of compromise or pursuant to an agreement not to prosecute an appeal."

The decision in *Mathys* v. *Turner, supra,* 46 Cal.2d 364, is not in point here (although its statement of the rules applicable is). There the plaintiff, after the award of a judgment in his favor of $1,500, its affirmation by the District Court of Appeal, and before the Supreme Court passed upon his application for a hearing, accepted payment of the judgment and interest and executed a satisfaction of judgment which acknowledged payment of the judgment and authorized the clerk to enter full satisfaction of record. The court there

found that the payment was not compulsory, that the only controversy "concerned the value of services and the amount of payments made, and in case of a reversal and retrial the judgment could conceivably be smaller." (P. 366.) This latter statement was in answer to the plaintiff's contention that the defendant conceded that the plaintiff was entitled to at least the $1,500. In our case the payment was made expressly reserving the right to go on with the appeal in the event Pacific Indemnity Company should be successful in demonstrating a right to a greater portion of the total judgment of $10,000 than the jury awarded it. Defendants were willing to pay the $10,000 but did not want to have to pay $8,000 to plaintiff and $7,865.65 to Pacific Indemnity.

The fact that the satisfaction of judgment was by order of court rather than by action of the judgment creditors does not change the situation or the rule. If the judgment is reversed, it will be the duty of the trial court, on the cause being remanded, to set aside the satisfaction and to restore the respective parties to their status before judgment. (See *Warner Bros. Co.* v. *Freud, supra,* 131 Cal. 639, 645; *Erwin* v. *Lowry,* 7 How. (U.S.) 172, 184 [12 L.Ed. 655].)

The motion is denied.

Peters, P. J., and Wood (Fred B.), J., concurred.

A petition for a rehearing was denied February 14, 1958, and respondent's petition for a hearing by the Supreme Court was denied March 12, 1958.