[Civ. No. 23725.   Second Dist., Div. One.   May 11, 1959.]

CATARINO M. ESPARZA, Respondent, v. KADAM, INC. (a Corporation) et al., Appellants.

Arthur Shivell for Appellants.

Brown & Ayers for Respondent.

WHITE, P. J.—On March 7, 1958, plaintiff instituted this action for involuntary dissolution of defendant corporation. The relief prayed for was an order dissolving the corporation and winding up its affairs as provided by law and that a receiver be appointed to take charge of the assets and the business of the corporation pendente lite and for the purposes of winding the same up subject to the instructions of the court and for the sum of $2,385 with interest, the penalty provided for failure to pay earnings when due, for reasonable attorney fees, court costs and all other proper relief.

On April 16, 1958, a cross-complaint was filed by defendants for accounting against plaintiff who was the director-manager of defendant corporation and for appraisal and sale of stock (Corp. Code, § 4658). The relief prayed for in said cross-complaint was that, after an accounting had been had, the cross-complainants have judgment against the cross-defendant for such moneys as may be found to exceed the value of the shares to which he is equitably entitled in the premises; that appraisers be appointed as provided in section 4659, Corporations Code, and that the cross-complainants be granted a decree requiring that the cross-defendant transfer such shares as he may be equitably entitled to, to the cross-complainants upon the crediting to him or payment to him of the amount to which he is shown by such accounting and appraisal to be equitably entitled to receive.

On January 13, 1959, pursuant to the provisions of section 4659, the court entered its decree confirming the award made by the commissioners duly appointed pursuant to the code section just cited, appraising the fair value of the shares of stock owned by plaintiff in defendant corporation in the sum of $7,456.70. The decree further awarded judgment for plaintiff and against defendant Dale H. Habberstad for the aforesaid sum, and against Travelers Indemnity Company for the included sum of $5,000; that the amount of the award, decree and judgment shall be paid and satisfied within thirty days from entry of decree; that on plaintiff receiving such payment or tender thereof, plaintiff shall transfer all of his shares in said corporation to defendant Dale H. Habberstad; that if payment is not made for the shares within the time specified, the defendant Kadam, Inc., shall be wound up and dissolved as provided by said Corporations Code, section 4659, and any other pertinent law, and the court may make orders and adjudge as to all matters concerning the winding up of the affairs of the corporation and upon completion of the

winding up, the court shall make its decree and judgment declaring the corporation to be wound up and dissolved. Notice of entry of the decree was filed on January 15, 1959.

On January 27, 1959, notice and demand by defendant Habberstad upon plaintiff for sale of corporate stock pursuant to the decree (Corp. Code, §§ 4658, 4659) was filed.

On January 29, 1959, there was filed in court by defendants and served upon plaintiff a notice of motion for deposit in court by plaintiff of the specific shares of stock described in the decree, and by defendant Habberstad of the amount set forth in the decree as the fair cash value of such certificates of stock (Code Civ. Proc., § 572).

On January 29, 1959, there was also filed a petition for deposit in court and for order retaining fund in *custodia legis*, pending trial of the action and cross-complaint (Code Civ. Proc., § 572). However, this motion was later withdrawn by defendant Habberstad.

Notice of appeal from the aforesaid decree was filed February 9, 1959.

▇ Respondent now moves to dismiss the appeal on the ground that appellant Habberstad elected to purchase the stock of the former for the sum provided for in the decree; that such election is indicated by appellant Habberstad's motion aforesaid to require respondent to deposit his shares of stock in court and appellant to deposit the amount fixed by the court as the value thereof. Respondent urges that by his conduct, appellant Habberstad impliedly acquiesced in and consented to the decree as rendered. That having agreed to accept the fruits of the decree, he thereby waived and renounced his right to appeal therefrom (3 Cal.Jur.2d 596; *San Bernardino County* v. *Riverside County*, 135 Cal. 618, 620 [67 P. 1047]).

We are satisfied that the facts and circumstances present in the instant proceeding do not bring it within the rule relied upon by respondent for dismissal of the appeal. The record reflects that appellant Habberstad's motion for mutual deposits in court was a conditional one in that disbursement of the money to be deposited by appellant should not be made until final determination of all the issues in the cause, including the accounting prayed for. Respondent consistently opposed such motion, which was finally withdrawn by appellant Habberstad and notice of appeal filed. Appellants set up certain defenses to respondent's complaint both as to the dissolution count and as to the remaining three counts for

wages allegedly due respondent which remain undetermined as do the issues framed by the cross-complaint. In fact these issues have been set for pretrial in the court below. It is also undenied that following the rendition of the aforesaid decree appellant Habberstad petitioned the trial court to permit immediate deposit in court of funds with which to consummate purchase of the shares of stock following the determination of the remaining issues and causes of action between the parties, and alleged that the amount which the respondent might be found to be entitled to receive was undetermined and that appellant is a trustee for plaintiff for such undetermined amount, and further alleged that the plaintiff and cross-defendant, the respondent here, was insolvent and that other than so much of the award as he might be shown to be entitled to receive therefrom, he was without any means whatever to satisfy the demands of the appellants and cross-complainants or any judgment or any order for payment of costs which might be rendered against respondent in this action except from the funds so to be deposited.

It must also be remembered that the corporate defendant is a party to the appeal herein.

The appeal with which we are here confronted challenges the decree entered by the court as being based on an excessive award made by the court-appointed commissioners; that the latter refused to make any findings of fact or conclusions of law, or to state in their award the evidence and matters considered by them in arriving at their said award, and failed and refused to include in their said award a statement of the number and duration of their hearings and the fees and expenses demanded by them; that appellant objected and excepted to confirmation of the award of the commissioners upon such grounds, and that the trial court refused to make any findings of fact or conclusions of law upon which to base its confirmation of the said award and its said decree.

Appellant has deposited with the court below the sum of $7,456.70 as security for the payment of the decree here involved in accordance with its terms and a writ of supersedeas has been issued by this court. We are persuaded that the appeal should be heard on its merits.

The motion to dismiss the appeal herein is denied.

Fourt, J., and Lillie, J., concurred.